Tony LUCERO, alias Tony Yanez, Appellant,

v.

The STATE of Texas, Appellee.

No. 47806.

Court of Criminal Appeals of Texas.

Dec. 12, 1973.

Arthur A. Estefan (Court appointed on appeal), San Antonio, for appellant.

Ted Butler, Dist. Atty., Fred Rodriguez and David K. Chapman, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

v.

The STATE of Texas, Appellee.

No. 47809.

Court of Criminal Appeals of Texas.

Dec. 12, 1973.

OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

On August 23, 1971, appellant was convicted of felony theft after he entered his guilty plea before the court. Punishment was assessed at two (2) years. The imposition of the sentence was suspended and the appellant was placed on probation subject to certain conditions, among which was the requirement that he "(1) neither commit nor be convicted of any offense against the laws of the State of Texas . . . ."

On May 25, 1972, the State filed a motion to revoke probation alleging five separate violations of probationary condition number one.

On December 11, 1972, the court conducted a hearing on said motion, following which it revoked probation.

At the hearing the appellant entered pleas of "true" to the first two alleged violations set forth in the motion to revoke—that he had committed felony theft on December 27, 1971 and on February 27, 1972. He pled "not true" to the other three alleged violations.

Appellant then took the witness stand and admitted under oath that he had been convicted of the first offense alleged in the motion to revoke and that he had committed the second offense alleged in said motion and had also been convicted of that offense.

After such testimony, the State abandoned the remaining portion of the revocation motion and the court announced that it was finding that the appellant had "violated condition number one of the conditions of probation." The court then imposed sentence.

First, appellant contends the court abused its discretion in that there was not sufficient evidence to show a violation of probationary conditions.

Arthur A. Estefan (Court appointed on appeal), San Antonio, for appellant.

Ted Butler, Dist. Atty., Fred Rodriguez and David K. Chapman, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

We cannot agree. The appellant entered a plea of "true" and then made a judicial confession.

Appellant contends his interrogation by the prosecution elicited evidence which was ambiguous and contradictory and that the same would not support the court's finding. He calls attention to that part of the record where he once said he was not on probation when one of the offenses was committed, then testified he was on probation at the time after conferring with counsel. In regard to the other offense he notes that he related he committed the offense on February 27, 1972, and that he answered the following question in the affirmative that he had been convicted of the offense on the same date.

■ The questions were inartfully and awkwardly 'framed, and certainly no model to be followed, but the same do not detract from the validity of the judicial confession, which is sufficient to support the revocation order.

Appellant also contends that the court abused its discretion in failing to make any specific findings as to the reasons why probation was revoked.

Although the court orally stated he found a violation of probationary condition number one, the written order merely shows that the motion to revoke was granted.

■ This court has made it clear that the better practice requires that findings should be made in every case. Gamble v. State, 484 S.W.2d 713 (Tex.Cr.App.1972). A probationer is entitled to know why his probation is being revoked as a matter of due process. Garcia v. State, 488 S.W.2d 448 (Tex.Cr.App.1972). Cf. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L. Ed.2d 484 (1972); Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

■ This court has, on occasion, held that a revocation order is not rendered de-fective, however, for the lack of recitation of findings on which it is based absent any timely request to the trial court for such findings. See, e. g., Wilcox v. State, 477 S.W.2d 900 (Tex.Cr.App.1972); Tate v. State, 365 S.W.2d 789 (Tex.Cr.App.1963).

In the instant case there was no request for such findings. Appellant recognizes such holdings, but urges that since there were two violations involved the court did not inform him which violation was being used to support the order of revocation. Either or both were sufficiently proven to sustain the revocation order. Under the circumstances of this particular case, it would be difficult to say the appellant was misled.

The judgment is affirmed.