**Terry Don CLARK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50151.**

Court of Criminal Appeals of Texas.

Sept. 17, 1975.

Herbert Green, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., James B. Scott and Hugh Lucas, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

The offense was robbery by assault; the punishment was imprisonment for life.

On March 2, 1973, Richard Amos answered a knock on his front door. When he opened the door, three persons including the appellant forced their way into his house. Amos was loosely tied up downstairs while two of the persons went upstairs and took a coin collection from an upstairs apartment that Amos had rented to a family friend, Hubert Kidder. Appellant remained downstairs with Amos during this time. Amos testified that he never saw a weapon, but that appellant kept his hand in his coat pocket and told Amos that if he cooperated he wouldn't get hurt. Amos testified that he was placed in fear of physical harm by these events.

Appellant urges seven grounds of error. In the second of these he contends that the evidence is insufficient to prove possession of the property in Richard Amos as alleged in the indictment.

The record reflects that Amos owned the two-story dwelling entered by appellant and his companions. The apartment leased by Kidder had its own door and lock. Amos did not possess the key to this lock, but the door was customarily left unlocked and was unlocked on the day of the robbery. Both Amos and Kidder possessed keys to the front door of the house and both regularly used that common entrance.

■ A charge of robbery by assault may be supported by evidence of a taking by placing in fear from the possession of the victim. Art. 1408, V.A.P.C. The concept of possession in the robbery statute is broader than that of the theft statutes, Arts. 1410 et seq., V.A.P.C. *Barfield v. State*, 137 Tex.Cr.R. 256, 129 S.W.2d 310; *Goodrum v. State*, 172 Tex.Cr.R. 449, 358 S.W.2d 120; *Ford v. State*, Tex.Cr.App., 502 S.W.2d 160. We have frequently said that any right to possession by the victim superior to that of the defendant is sufficient to support a conviction for robbery. *West v. State*, Tex.Cr.App., 480 S.W.2d 640; *Wright v. State*, Tex.Cr.App., 468 S.W.2d 422; *Goodrum v. State, supra.* It is only where the victim of the assault has no right to possession whatsoever that a charge of robbery may not be sustained. Hence, where the taking has been from a store clerk or after an assault upon a watchman, for example, convictions for robbery have been upheld. *E. g., Emerson v. State*, Tex.Cr.App., 476 S.W.2d 686; *Blankenship v. State*, 166 Tex.Cr.R. 51, 310 S.W.2d 579; *Ibeck v. State*, 112 Tex.Cr.R. 288, 16 S.W.2d 232.

Appellant urges that such cases involve entrustment and a duty of care lacking in the instant case. We find the difference one of degree only. Amos and Kidder had never discussed the former's duty with respect to the latter's property. But Amos stated that the entire house was under his sole control while Kidder was absent. Kidder said generally that when he left for work he considered Amos to be in charge of his property, but he denied that Amos had any right to reduce to physical possession his coin collection. We find that the latter's right to possession was superior to that of the appellant. Our conclusion is strengthened by the fact that because there was a common entrance to the dwelling, appellant could not steal Kidder's money without first disposing of Amos. This conclusion is in accord with our opinion that the robbery statute "seems aimed at the protection of the party robbed rather than the security of the property taken." *Ford v. State, supra; Barfield v. State, supra.*

In the instant case, appellant received a jury charge upon the issue of possession. His attorney argued the matter at length before the jury. The jury decided the issue adversely to him. The evidence is sufficient to support the jury's verdict. Appellant's second ground of error is overruled.[1]

In his first ground of error, appellant contends that there is a fatal variance between ownership of the money as alleged in the indictment and as proved at trial. The indictment alleged ownership in Richard Amos. From the foregoing facts, it is clear that at trial the true owner of the property was shown to be Hubert Kidder. In view of our disposition of appellant's second ground of error, this contention is without merit. Art. 21.08, V.A.C.C.P., provides in pertinent part that in any indictment:

"Where one person owns the property, and another person has the possession of the same, the ownership thereof may be alleged to be in either. . . ."

The evidence was sufficient to sustain the jury's conclusion that Richard Amos had possession of the property at the time of the robbery. Hence, it was proper to allege ownership in his person and no variance is shown. *Ford v. State, supra; Michaels v. State,* 120 Tex.Cr.R. 553, 49 S.W.2d 444; *Guyon v. State,* 89 Tex.Cr.R. 287, 230 S.W. 408. Appellant's first ground of error is overruled.

Appellant's remaining grounds of error were raised, discussed, and held to be without merit in appellant's companion case, Cause No. 50,150, tried jointly with the instant case and this day decided by Per Curiam opinion.

The judgment is affirmed.

ONION, P. J., dissents.

---

[1] We note that this problem cannot arise under the new Penal Code because Sections 29.02 and 31.03 make it clear that a charge of robbery may be made out upon a showing of placing in fear "in the course of committing theft."