**Curtis BATRO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51114.**

Court of Criminal Appeals of Texas.

Nov. 5, 1975.

None on appeal for appellant.

Carol S. Vance, Dist. Atty. and Clyde F. De Witt, III, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for robbery by assault. Punishment was assessed by the court at eight years.

The indictment alleged the offense occurred on or about December 5, 1973, and the record reflects that trial was in November, 1974.

At the outset, we are confronted with a fundamentally defective indictment. The pertinent part of the indictment alleged that appellant on or about December 5, 1973

"did then and there unlawfully assault Daniel Faltermeier hereinafter styled the Complainant, and did by the assault, by violence, and by putting the Complainant in fear of life and bodily injury, fraudulently and against the Complainant's will, take from the person and possession of the Complainant money, clothing and one stereo with the intent to deprive the Complainant of the value of the property and to appropriate it to the Defendant's use. . . ."

An examination of the indictment reveals that, like the indictments in *Lucero v. State*, Tex.Cr.App., 502 S.W.2d 128 and *Bouie v. State*, Tex.Cr.App., 528 S.W.2d 587 (1975), it does not aver to whom the property allegedly taken belonged. Such deficiency renders the indictment fundamentally defective.

The judgment is reversed and the prosecution is ordered dismissed.

Opinion approved by the Court.

DOUGLAS, Judge (dissenting).

The indictment has been held fundamentally defective because ownership was not alleged. Ownership was not an element of the offense of robbery under Article 1408, V.A.P.C. (1925), which provides that robbery is committed by taking property from the possession of the injured person. Possession was alleged in this. See the dissenting opinion in *Bouie v. State*, Tex.Cr.App., 528 S.W.2d 587 (1975).

The judgment should be affirmed.