**Leonard Randolf PAGE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 50788.**

Court of Criminal Appeals of Texas.

Feb. 4, 1976.

Jack Richards, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Stu Stewart, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for robbery by assault under our former code. Punishment was assessed by the jury at twenty-five years.

In *Lucero v. State,* 502 S.W.2d 128 (Tex.Cr.App.1973) (case 1), and *Bouie v. State,* 528 S.W.2d 587 (Tex.Cr.App.1975), we held, in accord with well-established authority, that a robbery indictment which failed to allege to whom the property allegedly taken belonged was fundamentally defective.

The indictment in this case, like the ones in *Lucero* and *Bouie,* fails to allege such ownership in any individual and thus fails to show that the complainant had a possessory interest in the property that was superior to that of the appellant. *Smedly v. State,* 30 Tex. 214 (1867), quoted with approval in *Goodrum v. State,* 172 Tex.Cr.R. 449, 451, 358 S.W.2d 120, 122 (1962). See also *Arline v. State,* 529 S.W.2d 73 (Tex.Cr. App.1975); *French v. State,* 531 S.W.2d 613 (Tex.Cr.App.1975); *Ainsworth v. State,* 531 S.W.2d 613 (Tex.Cr.App.1975); *Batro v. State,* 531 S.W.2d 614 (Tex.Cr.App.1975).

The judgment is reversed and the prosecution is ordered dismissed.[1]

1. On January 13, 1976, the Clerk of this Court accepted and filed a supplemental transcript in this case. It contains an order signed by the trial judge granting a new trial to the appellant pursuant to Art. 40.09, Sec. 9, Vernon's Ann.C.C.P. This order is dated November 25, 1975, more than three months after the original record was filed in this Court. The trial judge therefore had no jurisdiction to grant a new trial. Art. 44.11, V.A.C.C.P.; *Montes v. State,* 503 S.W.2d 241 (Tex.Cr.App.1974); *Carrillo v. State,* 480 S.W.2d 612 (Tex.1972). Compare *State ex rel. Vance v. Hatten,* 508 S.W.2d 625 (Tex.Cr.App.1974). The order granting a new trial is therefore void. *Montes v. State,* supra.

The supplemental transcript also contains a motion for dismissal of the appeal, signed only by the appellant's attorney. Such a motion is insufficient and must be denied, since a motion to dismiss the appeal must be executed by the appellant in person and properly authenticated. See, e. g., *Gilliam v. State,* 146 Tex.Cr.R. 620, 177 S.W.2d 782 (1944).