**Ex parte Jewerl BANKS, Jr.**

**No. 52634.**

Court of Criminal Appeals of Texas.

Oct. 20, 1976.

Jewerl Banks, pro se.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C. C.P.

Petitioner was indicted by the Harris County Grand Jury for five separate offenses of robbery by assault, under the old Penal Code, in Cause Nos. 187154, 187485, 188503, 188770, and 188777.

On May 22, 1973, appellant made his appearance in the 174th District Court of Harris County, and entered pleas of guilty to the court to all of these above-mentioned indictments. Appellant was sentenced to five concurrent twenty (20) year terms of imprisonment, and no appeals were taken of these convictions.

Subsequently, petitioner filed his application for writ of habeas corpus in this Court, contending that the indictments in these five causes were fundamentally defective for the reasons set out in *Lucero v. State,* 502 S.W.2d 128 (Tex.Cr.App.1973) and *Bouie v. State,* 528 S.W.2d 587 (Tex.Cr.App. 1975). The trial court denied the application without findings of fact and conclusions of law.

In reviewing the records before this Court and the indictments in these causes, we are in agreement with petitioner that the indictments for robbery by assault are fatally defective for the same reasons as set out in *Lucero v. State,* supra, and *Bouie v. State,* supra. See also *Batro v. State,* 531 S.W.2d 614 (Tex.Cr.App.1975); *Page v.*

*State,* 532 S.W.2d 341 (Tex.Cr.App.1976); *Jones v. State,* 535 S.W.2d 184 (Tex.Cr.App. 1976).

Furthermore, it is apparent that petitioner may challenge fundamentally defective indictments by way of a post conviction application for writ of habeas corpus. See *Standley v. State,* 517 S.W.2d 538 (Tex. Cr.App.1975); *Ex parte Roberts,* 522 S.W.2d 461 (Tex.Cr.App.1975).

For the reasons above stated, the writ of habeas corpus is granted, and the convictions in the above-mentioned cause numbers are set aside and said indictments are ordered dismissed.

DOUGLAS, Judge (dissenting).

The relief sought should be denied because the only reason for the indictments in the five causes to be fundamentally defective is that the majority of the Court has added an element to the offense of robbery under the former penal code which was not required by any statute. These convictions were final. We have enough cases without causing new ones by enacting clauses into the statute. See the dissenting opinion in *Bouie v. State,* 528 S.W.2d 587 (Tex.Cr.App. 1975), for a full discussion of the subject.