**Ex parte Roy Cleaver JONES**

**No. 52590.**

Court of Criminal Appeals of Texas.

Oct. 20, 1976.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III, Asst. Dist. Atty., Houston,

Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an application for writ of habeas corpus filed pursuant to Article 11.07, Vernon's Ann.C.C.P.

Petitioner was indicted by the Harris County Grand Jury for four separate offenses of robbery by assault under the old Penal Code in trial court cause nos. 195,-054–195,057.[1] On August 27, 1973, petitioner entered a plea of not guilty in cause no. 195,057 and was convicted by a jury, being sentenced to a twenty-five (25) year term of imprisonment. Thereafter, petitioner en-

---

1. In two of the causes petitioner was indicted as Royal Cleaver Jones.

tered pleas of guilty to the other three pending indictments and was assessed three 25 year sentences for those offenses.

Petitioner filed notice of appeal in all four cases, and the records were transmitted to this court.[2] On appellate review of these convictions this court affirmed three of the convictions by per curiam, unpublished opinions on February 4, 1976. However, we reversed the conviction in trial court cause no. 195,057 due to a fatally defective indictment. See *Jones v. State,* 535 S.W.2d 184 (Tex.Cr.App.1976).[3]

Subsequently, petitioner filed his application for writ of habeas corpus with the trial court pursuant to the provisions of Article 11.07, supra, challenging the validity of the convictions in cause nos. 195,054–195,056, claiming that the indictments in those cases were also fatally defective for the same reasons set out in our opinion in *Jones v. State,* supra. The trial court entered findings of fact and conclusions of law recommending that this application for writ of habeas corpus be granted and that the convictions be set aside and the indictments dismissed.

■ We are in complete agreement of the trial court's findings. The indictments for robbery by assault in the three challenged convictions are fatally defective under this court's prior opinions in *Lucero v. State,* 502 S.W.2d 128 (Tex.Cr.App.1973); *Bouie v. State,* 528 S.W.2d 587 (Tex.Cr.App. 1975); *Batro v. State,* 531 S.W.2d 614 (Tex. Cr.App.1975); *Page v. State,* 532 S.W.2d 341 (Tex.Cr.App.1976); *Sellers v. State,* 536 S.W.2d 564 (Tex.Cr.App.1976); *Jones v. State,* supra.

■ Furthermore, it is well settled that fundamentally defective indictments may be challenged by way of post-conviction writs of habeas corpus. See *Standley v. State,* 517 S.W.2d 538 (Tex.Cr.App.1975); *Ex parte Roberts,* 522 S.W.2d 461 (Tex.Cr. App.1975).

For the reasons above stated, the writ of habeas corpus is granted, and the convictions in cause nos. 195,054, 195,055 and 195,-056 are set aside and said indictments are ordered dismissed.

DOUGLAS, Judge (dissenting).

The majority sets aside the convictions in three cases for the offense of robbery after appellant had entered pleas of guilty and was assessed a punishment of twenty-five years in each case. These cases were affirmed by this Court after counsel had filed a brief that the appeals were frivolous. Counsel was correct in his evaluation of the cases.

Article 1408 of the former penal code under which appellant is convicted provides that one who takes from the possession of another property with intent to appropriate it shall be guilty of the offense of robbery. Article 21.08, V.A.C.C.P., provides that where one person owns property and another person has possession of the same the ownership may be alleged in either.

In the present cases the ownership was alleged in the person who possessed the property. In *Clark v. State,* 527 S.W.2d 527 (Tex.Cr.App.1975), this Court wrote:

"It is only where the victim of the assault has no right to possession whatsoever that a charge of robbery may not be sustained."

The trial court followed the then Penal Code and the Code of Criminal Procedure. A majority of this Court has added an element to the offense of robbery in requiring an allegation that an owner must be named

---

2. The records in cause nos. 195,054–195,056 were received in this court on October 29, 1975. However, the record in cause no. 195,057, the case in which the petitioner entered his plea of not guilty to the jury, was not filed in this court until January 19, 1976. The delay was apparently due to the court reporter's delay in completing the statement of facts of the jury trial.

3. Appellant's court-appointed counsel on appeal filed frivolous appeal briefs in all four of these cases, and thus the question of the defective indictments was not raised in any of these cases before this court. This court discovered the defective indictment pursuant to our authority to review the records for error in the "interest of justice." See Article 40.09, § 13, Vernon's Ann.C.C.P.

in the indictment as well as the one who possessed the property taken in the robbery. Several cases have been reversed because this new element has been enacted by a majority of this Court. Reversals are not enough for the majority. Now it is setting aside final convictions after they have been affirmed by this Court.

Jones entered pleas of guilty to robbery. He knew he was charged with robbery. He was proved to be guilty of robbery. He did not question the indictment, probably for the reason that it was good under the statutes. Now a majority releases Jones on something not required by the statute. The majority has acted as the Legislature and also counsel for Jones.

When is there ever to be finality in convictions. If one does not know what he is charged with he should file an exception or motion to quash the indictment. Under cases such as this, if he is found not guilty he wins. If he is found guilty, he gets a free ride by either a reversal or relief by habeas corpus after the conviction is final. This amounts to a loading up of court dockets for some useless unauthorized rule. Neither the Constitution of Texas nor the Constitution of the United States requires such needless procedure. See the dissenting opinion in *Bouie v. State,* 528 S.W.2d 587 (Tex.Cr.App.1975).

No reversible error has been shown. The relief sought should be denied.