Ex parte Virgil Lee FUQUA, III.

No. 54183.

Court of Criminal Appeals of Texas.

April 6, 1977.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an application for writ of habeas corpus filed pursuant to Article 11.07, Vernon's Ann.C.C.P., in which petitioner attacked his 1972 conviction for robbery by assault with firearms in the 54th Judicial District Court of McLennan County in Cause No. 72–185–C. The convicting court found that the indictment under which appellant was convicted was fundamentally defective. We agree and order appellant discharged from further confinement as a result of that conviction.

 In September, 1972, appellant was convicted by a jury in Cause No. 72–185–C of robbery by assault with firearms and they assessed his punishment at imprisonment for fifty (50) years. An examination of the indictment in that cause reveals that it is fundamentally defective because it fails to allege the ownership of the property alleged to have been taken. *Lucero v. State,* 502 S.W.2d 128 (Tex.Cr.App.1973); *Bouie v. State,* 528 S.W.2d 587 (Tex.Cr.App. 1975); *Arline v. State,* 529 S.W.2d 73 (Tex. Cr.App.1975); *Ainsworth v. State,* 531 S.W.2d 613 (Tex.Cr.App.1975); *French v. State,* 531 S.W.2d 613 (Tex.Cr.App.1975); *Batro v. State,* 531 S.W.2d 614 (Tex.Cr.App. 1975); *Pittman v. State,* 532 S.W.2d 97 (Tex.Cr.App.1976); *Page v. State,* 532 S.W.2d 341 (Tex.Cr.App.1976); *Franks v. State,* 532 S.W.2d 631 (Tex.Cr.App.1973); *Jones v. State,* 535 S.W.2d 184 (Tex.Cr.App. 1976); *Sellers v. State,* 536 S.W.2d 564 (Tex.

Cr.App.1976); *Adams v. State,* 540 S.W.2d 733 (Tex.Cr.App.1976). Moreover, we have held that a fundamentally defective robbery indictment, such as the one in the instant case, may be challenged by way of a post conviction application for writ of habeas corpus. *Ex parte Jones,* 542 S.W.2d 179 (Tex.Cr.App.1976); *Ex parte Banks,* 542 S.W.2d 183 (Tex.Cr.App.1976).

Consequently, the writ of habeas corpus is granted; petitioner is ordered released from further confinement under Cause No. 72–185–C; the conviction in that cause is set aside and the indictment is ordered dismissed.