**Ex parte Joseph Dennis FONTENOT.**

**No. 54308.**

Court of Criminal Appeals of Texas.

May 3, 1977.

---

3. There was no appeal in either conviction used for enhancement in the instant case.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an application for writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P.

Petitioner was convicted of the offense of robbery by assault in Cause No. 196616, with a prior conviction alleged for enhancement under Article 62, V.A.P.C., and was sentenced to the mandatory life term in prison on August 23, 1973. An appeal of that conviction was affirmed in a per curiam opinion.

Petitioner filed an application for writ of habeas corpus in the trial court, alleging that the indictment for robbery by assault was fatally defective for failing to allege ownership of the property. The trial court entered findings of fact and conclusions of law recommending that the writ be denied.

■ The indictment in the case at bar alleges that petitioner

". . . heretofore on or about April 14, 1973, did then and there unlawfully assault Lois Hartis hereafter styled the Complainant, and did by the assault, by violence, and by putting the Complainant in fear of life and bodily injury, fraudulently and against the Complainant's will,

take from the person and possession of the Complainant money with the intent to deprive the Complainant of the value of the property and to appropriate it to the Defendant's use."

The indictment in the case at bar is fatally defective for failing to allege ownership in the complainant. See *Bouie v. State*, 528 S.W.2d 587 (Tex.Cr.App.1975); *Lucero v. State*, 502 S.W.2d 128 (Tex.Cr.App.1973); *Batro v. State*, 531 S.W.2d 614 (Tex.Cr.App. 1975).

■ In addition, petitioner may challenge the validity of a fundamentally defective indictment by way of a post conviction writ of habeas corpus. See *Ex parte Banks*, 542 S.W.2d 183 (Tex.Cr.App.1977); *Ex parte Jones*, 542 S.W.2d 179 (Tex.Cr.App.1977); *Standley v. State*, 517 S.W.2d 538 (Tex.Cr.App.1975); *Ex parte Roberts*, 522 S.W.2d 461 (Tex.Cr.App.1975).

For the reasons above stated, the writ of habeas corpus is granted and the conviction in Cause No. 196616 is set aside and said indictment is ordered dismissed.