**Ex parte Don Ray HAYWOOD.**

**No. 54950.**

Court of Criminal Appeals of Texas.

May 11, 1977.

Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is a post-conviction writ of habeas corpus brought pursuant to Art. 11.07, V.A. C.C.P.

Petitioner was convicted for the offense of robbery by assault under the old Penal Code in Cause No. 196324 in the 183rd District Court. After the jury returned a verdict of guilty, the court assessed punishment at twenty years. No appeal was perfected.

Petitioner has filed his application for writ of habeas corpus in the trial court, contending that the indictment in this case was fundamentally defective for the reasons set out in *Lucero v. State*, Tex.Cr.App., 502 S.W.2d 128 and *Bouie v. State*, Tex.Cr. App., 528 S.W.2d 587. The trial court denied the application without findings of fact and conclusions of law.

In reviewing the record before this Court and the indictment in this cause, we are in agreement with petitioner that the indictment for robbery by assault is fatally defective for the same reasons set out in *Lucero v. State*, supra, and *Bouie v. State*, supra. See also *Batro v. State*, Tex.Cr. App., 531 S.W.2d 614; *Page v. State*, Tex. Cr.App., 532 S.W.2d 341; *Jones v. State*, Tex.Cr.App., 535 S.W.2d 184. These cases held that an indictment which failed to allege the party to whom the property allegedly taken belonged (in the robbery) was fundamentally defective.

A petitioner may challenge fundamentally defective indictments by way of a post-conviction application for writ of habeas corpus. See *Standley v. State*, Tex.Cr. App., 517 S.W.2d 538; *Ex parte Roberts*, Tex.Cr.App., 522 S.W.2d 461; *Ex parte Cannon*, Tex.Cr.App., 546 S.W.2d 266; *Ex parte Jones*, Tex.Cr.App., 542 S.W.2d 179; *Ex parte Davis*, Tex.Cr.App., 547 S.W.2d 43.

The relief prayed for is granted and the prosecution under this indictment is ordered dismissed.

Opinion approved by the Court.