**Ex parte Harold RIVERS.**

**No. 56716.**

Court of Criminal Appeals of Texas.

Dec. 7, 1977.

State's Motion for Rehearing Denied
Jan. 11, 1978.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

PHILLIPS, Judge.

This is an application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P.

On June 13, 1977, petitioner entered a plea of guilty to the offense of felony theft in Cause No. 76–458–C, and his punishment was assessed by the trial court as a second offender under V.T.C.A., Penal Code, Sec. 12.42(a), at a term of twelve (12) years in the penitentiary. No appeal was perfected from this conviction.

Petitioner filed an application for writ of habeas corpus with the trial court, contending that the prior conviction alleged for enhancement was void, since that conviction was based upon a fatally defective indictment under this Court's prior opinions in *Lucero v. State,* 502 S.W.2d 128 (Tex.Cr.App.1973) and *Bouie v. State,* 528 S.W.2d 587 (Tex.Cr.App.1975). The record reflects that the prior conviction in question was a 1961 McLennan County robbery by assault conviction in Cause No. 14758, with the petitioner being assessed a six-year term of imprisonment on his plea of guilty to the court. The indictment in Cause No. 14758 reads as follows, to-wit.

> ". . . on or about the 14th day of July A.D., 1960 in said County of McLennan and State of Texas, Harold Dwayne Rivers, in and upon Mrs. J. F. Butcher did make an assault; and did then and there, by the said assault, fraudulently and without the consent of the said Mrs. J. F. Butcher, take from the person and possession of her, the said Mrs. J. F. Butcher, One Hundred and Sixty One ($161.00) Dollars in money, with the intent to deprive the said Mrs. J. F. Butcher of the same and to appropriate the same to his, the said Harold Dwayne Rivers own use . . . ."

The trial court entered findings of fact and conclusions of law finding that the indictment in Cause No. 14758 was indeed fatally defective, since it failed to allege

ownership of the property with the victim. The trial court's findings are supported in law and in fact. See *Lucero v. State,* supra; *Bouie v. State,* supra; *Batro v. State,* 531 S.W.2d 614 (Tex.Cr.App.1975); *Ex parte Fontenot,* 550 S.W.2d 87 (Tex.Cr.App. 1977); *French v. State,* 531 S.W.2d 613 (Tex.Cr.App.1975); *Ex parte Haywood,* 550 S.W.2d 292 (Tex.Cr.App.1977); *Ex parte Jones,* 542 S.W.2d 179 (Tex.Cr.App.1976); *Ex parte Fuqua,* 548 S.W.2d 909 (Tex.Cr. App.1977).

The prior conviction thus being rendered void by the fatally defective State's pleading, it logically follows that this prior conviction is unavailable for enhancement purposes as in the case of any *void* prior conviction. See *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); *Smith v. State,* 486 S.W.2d 374 (Tex.Cr.App.1973); *Ex parte Williams,* 486 S.W.2d 566 (Tex.Cr. App.1973); *Ex parte Webster,* 497 S.W.2d 305 (Tex.Cr.App.1973); *Ex parte Rodgers,* 519 S.W.2d 861 (Tex.Cr.App.1975); *Ex parte Shivers,* 501 S.W.2d 898 (Tex.Cr.App. 1973); *Henderson v. State,* 552 S.W.2d 464 (Tex.Cr.App.1977); *Loper v. Beto,* 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972); *Ex parte Taylor,* 484 S.W.2d 748 (Tex.Cr. App.1972); *Ex parte Giacona,* 518 S.W.2d 832 (Tex.Cr.App.1975).

■ Therefore, we hold that the prior conviction alleged for enhancement purposes was void, and was unavailable for enhancing petitioner's punishment to the range of a second degree felony. See Sec. 12.42(b), supra. The trial court has recommended that the case be remanded for a new sentencing hearing since petitioner's punishment was originally assessed by the trial court, and we concur with the trial court's findings in this regard. See *Ex parte Friday,* 545 S.W.2d 182 (Tex.Cr.App. 1977); *Ex parte Hill,* 528 S.W.2d 125 (Tex. Cr.App.1975).

■ The relief requested is granted, and the case is remanded back to the trial court for the reassessment of a proper punishment as a third degree felony. See *Bullard v. State,* 533 S.W.2d 812 (Tex.Cr.App.1976).

IT IS SO ORDERED.