**Ex parte Lafayette SANFORD, Jr.**

**No. 56713.**

Court of Criminal Appeals of Texas.

Dec. 14, 1977.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P.

Petitioner was convicted in Cause No. 17121 in the 54th Judicial District Court of McLennan County of theft of edible meat. The punishment, enhanced under the provisions of Article 63, V.A.P.C. (1925), was assessed by the jury at life. Upon appeal, this Court affirmed the judgment on March 14, 1973. 492 S.W.2d 581.

On August 26, 1977, petitioner filed an application for writ of habeas corpus in the trial court contending that a 1960 robbery by assault conviction in Cause No. 14629 in McLennan County, upon which the State relied for enhancement, was void. The court found that conviction was based upon a fundamentally defective indictment. We agree.

An examination of the indictment in Cause No. 14629 reveals that it is fundamentally defective because it fails to allege the ownership of the property alleged to have been taken. *Lucero v. State,* 502 S.W.2d 128 (Tex.Cr.App.1973); *Bouie v. State,* 528 S.W.2d 587 (Tex.Cr.App.1975); *Adams v. State,* 540 S.W.2d 733 (Tex.Cr. App.1976); *Ex parte Fuqua,* 548 S.W.2d 909 (Tex.Cr.App.1977). Such a fundamentally defective robbery indictment may be challenged by way of a post conviction application for writ of habeas corpus. *Ex parte Banks,* 542 S.W.2d 183 (Tex.Cr.App.1976); *Ex parte Fuqua,* supra. Petitioner's conviction under the provisions of Article 63, supra, cannot stand since a prior void felony conviction was utilized.

The other prior conviction relied upon for enhancement purposes was a 1964 conviction for theft from a person. Assuming such conviction was an offense of like nature to the primary offense, petitioner's punishment would be ten years under Article 62, V.A.P.C. (1925). It has been made to appear that petitioner has been incarcerated on this charge in excess of ten years and three months. His release from the Texas Department of Corrections is in order since he has served the maximum time. Cf. *Ex parte Woodard,* 541 S.W.2d 187 (Tex.Cr. App.1976).

The relief sought is granted and petitioner is ordered discharged from the conviction in this cause.[1]

1. No motion for rehearing will be entertained.