**Ex parte John L. SHANNON.**

No. 58332.

Court of Criminal Appeals of Texas, Panel No. 1.

April 19, 1978.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

PHILLIPS, Judge.

This is an application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C. C.P.

Petitioner was convicted of the offense of robbery by assault under the old Penal Code in Cause No. 10,826 on his plea of guilty to the court. A 10-year term of imprisonment was assessed, and no appeal was perfected.

Petitioner has filed his application for writ of habeas corpus in the trial court, contending that the indictment in this case

is fundamentally defective for the reasons set out in *Lucero v. State,* Tex.Cr.App., 502 S.W.2d 128, and *Bouie v. State,* Tex.Cr. App., 528 S.W.2d 587. The trial court made findings of fact and conclusions of law and recommended that the application for writ of habeas corpus be granted.

■ In reviewing the record before this Court and the indictment in this cause, we are in agreement with petitioner that the indictment for robbery by assault is fatally defective for the same reasons set out in *Lucero v. State, supra,* and *Bouie v. State, supra.* See also *Batro v. State,* Tex.Cr. App., 531 S.W.2d 614; *Page v. State,* Tex. Cr.App., 532 S.W.2d 341; *Jones v. State,* Tex.Cr.App., 535 S.W.2d 184. These cases held that an indictment which failed to allege the party to whom the property allegedly taken belonged (in the robbery) was fundamentally defective.

■ A petitioner may challenge fundamentally defective indictments by way of a post conviction application for writ of habeas corpus. See *Standley v. State,* Tex.Cr. App., 517 S.W.2d 538; *Ex parte Roberts,* Tex.Cr.App., 522 S.W.2d 461; *Ex parte Cannon,* Tex.Cr.App., 546 S.W.2d 266; *Ex parte Jones,* Tex.Cr.App., 542 S.W.2d 179; *Ex parte Davis,* Tex.Cr.App., 547 S.W.2d 43.

The relief prayed for is granted, and the prosecution under this indictment is ordered dismissed.