**Ex parte Herman Claton FORGASON**

**No. 56715.**

Court of Criminal Appeals of Texas,
En Banc.

June 28, 1978.

OPINION

VOLLERS, Judge.

This is an application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C. C.P.

Petitioner was convicted of the offense of robbery by a firearm, on his plea of guilty to the court in Cause number 2022–B in the District Court of Randall County, and was sentenced to a fifty (50) year term of imprisonment on January 25, 1972. No appeal was perfected.

Petitioner filed his application for writ of habeas corpus in the trial court, contending that the indictment upon which he was tried was fatally defective since it failed to allege or describe the property taken. The trial court entered findings of fact and conclusions of law recommending the application be denied.

Initially, we note that the indictment in the case at bar alleges that on or about November 15, 1971, the petitioner, Herman C. Forgason

> "Did then and there unlawfully and willfully make an assault upon the person of Jackie C. Lowery, hereinafter styled injured party, and did then and there by said assault and by violence to the said injured party, and by then and there putting the said injured party in fear of life

and bodily injury and by then and there using and exhibiting a fire-arm, to wit: a pistol; did then and there fraudulently take from the person and possession of said injured party, *corporeal personal property* then and there belonging to said injured party; without the consent and against the will of said injured party, and with the fraudulent intent then and there on the part of said defendant to deprive the said injured party of the value of the same, and with the intent to appropriate the same to the use and benefit of said defendant;" (emphasis supplied)

Petitioner contends that the failure of this indictment to properly describe the property taken renders the indictment fatally defective, and he relies on *Mankin v. State,* 451 S.W.2d 236 (Tex.Cr.App.1970). In *Mankin* this Court held that robbery is only an aggravated form of theft, and that a description of the property taken was essential to the validity of the indictment, relying upon *Wilson v. State,* 171 Tex.Cr.R. 391, 356 S.W.2d 928 and *Holland v. State,* 110 Tex.Cr.R. 384, 10 S.W.2d 561. It was further held that the failure to give *any* description of the corporeal personal property was a fatal defect, which could be raised for even the first time on appeal.

Since *Mankin* was decided, this Court has rendered numerous other opinions holding that all the essential elements of a robbery indictment under Art. 1408, V.A.P.C. (1925) must be included in the indictment, otherwise that indictment is rendered fatally defective. See *Lucero v. State,* 502 S.W.2d 128 (Tex.Cr.App.1973); *Bouie v. State,* 528 S.W.2d 587 (Tex.Cr.App.1975); *Batro v. State,* 531 S.W.2d 614 (Tex.Cr.App.1975). See also *Reynolds v. State,* 547 S.W.2d 590 (Tex.Cr.App.1977) and *Ex parte Cannon,* 546 S.W.2d 266 (Tex.Cr.App.1976).

Additionally, this Court has held that fatally defective indictments may be challenged by way of post-conviction habeas corpus. See *Ex parte Banks,* 542 S.W.2d 183 (Tex.Cr.App.1976); *Ex parte Jones,* 542 S.W.2d 179 (Tex.Cr.App.1976); *Standley v. State,* 517 S.W.2d 538 (Tex.Cr.App.1975); *Ex parte Roberts,* 522 S.W.2d 461 (Tex.Cr. App.1975); *Ex parte Haywood,* 550 S.W.2d 292 (Tex.Cr.App.1977); *Ex parte Fontenot,* 550 S.W.2d 87 (Tex.Cr.App.1977).

For the reasons stated, we are of the opinion that the indictment in the case at bar is fatally defective. See *Mankin v. State,* supra. Thus the relief prayed for is granted, the conviction in Cause number 2022–B is reversed, and the prosecution is ordered dismissed.

It is so ordered.