**16**

**Ex parte Ben Elick CANNADY.**

**No. 56907.**

Court of Criminal Appeals of Texas,
Panel No. 3.

Sept. 20, 1978.

No appearance for appellant.

No appearance for appellee.

Before ROBERTS, PHILLIPS and VOL-
LERS, JJ.

## OPINION

ROBERTS, Judge.

This is an application for writ of habeas
corpus filed pursuant to Art. 11.07, V.A.C.
C.P.

Petitioner was convicted of the offense of
robbery by assault, on his plea of guilty to
the court in Cause number 10,199, and was
sentenced to a twenty (20) year term of
imprisonment on October 7, 1970. No ap-
peal was perfected.

Petitioner filed his application for writ of
habeas corpus in the trial court, contending
that the indictment upon which he was

tried was fatally defective since it failed to
allege or describe the property taken. The
trial court entered its findings of fact and
conclusions of law recommending the appli-
cation be denied.

Initially, we note that the indictment in
the case at bar alleges that on or about
February 19, 1970, the petitioner, Ben Elick
Cannady:

"[D]id then and there unlawfully and wil-
fully make an assault upon the person of
Pauline Taylor hereinafter styled injured
party, and did then and there by the said
assault and by violence to the said injured
party, and by then and there putting the
said injured party in fear of life and
bodily injury and by then and there using
and exhibiting a firearm, to-wit: .32 cali-
ber revolver did then and there fraudu-
lently take from the person and posses-
sion of the said injured party, *corporeal
personal property* then and there belong-
ing to the said injured party; without the
consent and against the will of said in-
jured party, and with the fraudulent in-
tent then and there on the part of the
said defendant to deprive the said injured
party of the value of same, and with the
intent to appropriate the same to the use
and benefit of the said defendant; Ben
Elick Cannady;" (emphasis supplied)

Petitioner contends that the failure of
this indictment to properly describe the
property taken renders the indictment fa-
tally defective, and he relies on *Mankin v.
State,* 451 S.W.2d 236 (Tex.Cr.App.1970)
and *Wilson v. State,* 171 Tex.Cr.R. 391, 356
S.W.2d 928. In *Mankin* this Court held that
robbery is only an aggravated form of
theft, and that a description of the property
taken was essential to the validity of the
indictment, relying on *Holland v. State,* 110
Tex.Cr.R. 384, 10 S.W.2d 561, and *Wilson v.
State,* supra. It was further held that the
failure to give *any* description of the corpo-
real personal property was a fatal defect,
which could be raised for the first time on
appeal.

Since *Mankin* was decided, this Court has
rendered numerous other opinions holding
that all the essential elements of a robbery

indictment under Art. 1408, V.A.P.C. (1925) must be included in the indictment, otherwise that indictment is rendered fatally defective. See *Lucero v. State,* 502 S.W.2d 128 (Tex.Cr.App.1973); *Bouie v. State,* 528 S.W.2d 587 (Tex.Cr.App.1975); *Page v. State,* 532 S.W.2d 341 (Tex.Cr.App.1976). See also *Reynolds v. State,* 547 S.W.2d 590 (Tex.Cr.App.1977), and *Ex parte Cannon,* 546 S.W.2d 266 (Tex.Cr.App.1976).

Additionally, this Court has held that fatally defective indictments may be challenged by way of post-conviction habeas corpus. See *Ex parte Banks,* 542 S.W.2d 183 (Tex.Cr.App.1976); *Ex parte Jones,* 542 S.W.2d 179 (Tex.Cr.App.1976); *Standley v. State,* 517 S.W.2d 538 (Tex.Cr.App.1975); *Ex parte Roberts,* 522 S.W.2d 461 (Tex.Cr.App.1975); *Ex parte Haywood,* 550 S.W.2d 292 (Tex.Cr.App.1977); *Ex parte Fontenot,* 550 S.W.2d 87 (Tex.Cr.App.1977).

For the reasons stated, we are of the opinion that the indictment in the case at bar is fatally defective. See *Mankin v. State,* supra. Thus, the relief prayed for is granted, and the conviction in Cause number 10,199 is reversed, and the prosecution in this case is dismissed.

It is so ordered.

VOLLERS, J., dissents for the same reasons as in *Ex parte Canady,* 563 S.W.2d 266 (Tex.Cr.App.1978).