**Ex parte Albert William LUCAS.**

**No. 59887.**

Court of Criminal Appeals of Texas, Panel No. 3.

Dec. 13, 1978.

---

Before DOUGLAS, TOM G. DAVIS and VOLLERS, JJ.

## OPINION

TOM G. DAVIS, Judge.

This is an application for writ of habeas corpus pursuant to Art. 11.07, V.A.C.C.P.

In 1977, petitioner pleaded guilty to aggravated robbery. V.T.C.A. Penal Code, Sec. 29.03. Punishment was set at 45 years.

■ The judge of the trial court made findings of fact and conclusions of law supporting his recommendation that relief should be granted. This Court, however, is not bound by such findings or conclusions of law. *Ex parte Hagans*, 558 S.W.2d 457, and cases cited therein.

■ Petitioner contends that the indictment is fundamentally defective in that it fails to describe the property taken and allege the ownership of this property. The trial judge cited our decision in *Ex parte Canady*, Tex.Cr.App., 563 S.W.2d 266, as authority for his conclusion that the indictment was fundamentally defective for failing to describe the property.

Reliance on *Ex parte Canady*, supra, is misplaced, however, as an important distinction exists between that case and the present case. The defendant in *Canady* was prosecuted under Art. 1408, V.A.P.C. (1925), while the petitioner here was convicted for an offense under V.T.C.A. Penal Code, Sec. 29.03. As set out below, the decisions relating to the sufficiency of an indictment under Art. 1408, supra, so far as they speak to the necessity for a description of the property or an allegation of owner-ship, are not applicable to indictments under Sec. 29.03, supra.

The basis of the holding in *Canady* is this Court's decision in *Mankin v. State*, 451 S.W.2d 236. In *Mankin*, we held that the failure to describe the property allegedly taken rendered the indictment fundamentally defective. The Court reasoned that since under the common law robbery was but an aggravated form of theft, when charging robbery it was necessary to describe the property as if charging theft. This decision is still followed in cases involving Art. 1408, supra. *Ex parte Canady*, Tex.Cr.App., 571 S.W.2d 16; *Ex parte Forgason*, Tex.Cr.App., 567 S.W.2d 517; *Ex parte Canady*, supra.

In *Lucero v. State*, 502 S.W.2d 128, this Court held that the failure to allege the ownership of property in an indictment under Art. 1408, supra, rendered that indictment fundamentally defective. The decisions cited in support of this holding reveal that the reasoning underlying *Lucero* is the same as that in *Mankin*. In *Higgins v. State*, Tex.Cr.App., 19 S.W. 503 (cited in *Lucero v. State*, supra), as in *Mankin*, the Court stated that robbery was an aggravated form of larceny or theft. 19 S.W. at 504. *Lucero* still retains its vitality in regard to cases prosecuted under Art. 1408, supra. *Ex parte Rivers*, Tex.Cr.App., 559 S.W.2d 659; *Ex parte Haywood*, Tex.Cr.App., 550 S.W.2d 292; *Ex parte Banks*, Tex.Cr.App., 542 S.W.2d 183; *Ex parte Jones*, Tex.Cr.App., 542 S.W.2d 179.

The common law analysis of the nature of a robbery offense was correct under Art. 1408, supra, as the offense required a completed theft as an element of the crime. *Watson v. State*, Tex.Cr.App., 532 S.W.2d 619; *Dickey v. State*, 169 Tex.Cr.R. 576, 336 S.W.2d 165. Under Sec. 29.03, however, no completed theft is required. *Earl v. State*, Tex.Cr.App., 514 S.W.2d 273; *Reese v. State*, Tex.Cr.App., 531 S.W.2d 638. Under the new Penal Code, the offense is no longer an aggravated form of theft.

This Court has considered the effect of this change on the necessity to allege the

ownership of the property when charging a robbery under Sec. 29.03, supra. In *Reese v. State*, supra, the Court held that this allegation was no longer necessary under Sec. 29.03, supra. The Court found that since a completed theft was no longer a prerequisite to robbery, the allegations of theft required under Art. 1408, supra, were no longer necessary. 531 S.W.2d 640. This same reasoning is applicable to the present case.

A description of the property involved in the robbery was required under Art. 1408 because the offense was characterized as a theft. The change in the focus of the statute, coupled with this Court's decision in *Reese*, compels the conclusion that the present robbery offense is assaultive in nature. Cf. *Servance v. State*, Tex.Cr.App., 537 S.W.2d 753; *Watson v. State*, 532 S.W.2d 619, 621; *Davis v. State*, Tex.Cr. App., 532 S.W.2d 626; *Earl v. State*, supra. Thus, no description of the property is necessary in an indictment under Sec. 29.03, supra.

We hold that an indictment under Sec. 29.03, supra, does not require a description of the property or an allegation as to ownership.

The relief sought is denied.