William Henry NUNLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–81–104–CR.

Court of Appeals of Texas, Waco.

Nov. 30, 1981.

■■■■■■

E. Neil Lane, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Alvin M. Titus, Carl Haggard, Asst. Dist. Attys., Houston, for appellee.

## OPINION

McDONALD, Chief Justice.

Appellant was convicted of Robbery and the jury assessed 5 years confinement in the Texas Department of Corrections. Appellant gave notice of appeal and appeals on 3 Grounds of Error.

Grounds 1 and 2 assert the trial court abused its discretion in overruling his motion to dismiss, based on failure to bring him to trial within the 120 day period allowed under Articles 32A.01 and 32A.02 of the Code of Criminal Procedure. Appellant asserts he was continuously incarcerated for 184 days before being brought to trial.

Appellant was arrested and detained in custody on July 25, 1978. The indictment charging appellant with Robbery was returned on August 22, 1978. The State filed an announcement of ready for trial on September 28, 1978. The State again announced ready for trial on October 25, 1978; and on December 17, 1978; and on January 4, 1979. Trial commenced on January 31, 1979. There was no challenge or rebuttal to the State's announcement of ready.

 When the State announces ready and there is no challenge to this announcement to show otherwise by an accused it is presumed the State was ready. *Barfield v. State*, Ct.Crim.Appls, 586 S.W.2d 538; *Ordunez v. Bean,* Ct.Crim.Appls., 579 S.W.2d 911; *Fraire v. State,* Ct.Crim.Appls., 588 S.W.2d 789.

Grounds 1 and 2 are without merit.

Ground 3 asserts the trial court erred and abused its discretion in refusing to set aside the indictment as it failed to describe the property allegedly taken from the complaining witness in the robbery.

■ Robbery is assaultive in nature and it is not necessary that an indictment for same describe the property taken in the robbery. *Ex Parte Lucas,* Ct.Crim.Appls., 574 S.W.2d 162.

Ground 3 is without merit.

Appellant's Grounds are overruled.

AFFIRMED.