Nathaniel **HENDERSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 10–83–102–CR.

Court of Appeals of Texas,
Waco.

Dec. 22, 1983.

Donald W. Rogers, Jr., Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, for appellee.

HALL, Justice.

Appellant Nathaniel Henderson was convicted by a jury for aggravated robbery. V.T.C.A. Penal Code, § 29.03(a)(2). Under the court's instructions on the range of punishment, the jury assessed punishment at confinement in the Texas Department of Corrections for a term of 45 years and a fine of $300.00, on a finding by the jury that a prior felony conviction alleged in the indictment for enhanced punishment was "True". The judgment and sentence were based on these verdicts.

Appellant and his counsel have submitted separate briefs.

■ Appellant's counsel first contends the indictment was fundamentally defective because it failed to describe the property involved in the offense. It is now settled that an indictment for the offense of robbery proscribed in our present Penal Code need not describe the property taken, since the present robbery offense, unlike the robbery offense defined in the prior Code, is assaultive in nature and not characterized as a theft. *Robinson v. State*, 596 S.W.2d 130, 134 Tex.Cr.App.1980); *Ex parte Lucas*, 574 S.W.2d 162, 164 (Tex.Cr.App.1978). Ground of error one is overruled.

■ In the second ground of error, counsel contends the sentence is improper because it sets forth only a maximum term to be served in the penitentiary (45 years) and not a minimum term. The contention is overruled. The requirement for indeterminate sentencing which formerly existed under V.A.C.C.P. art. 42.09 was deleted when that article was amended in 1981. Ground of error two is overruled.

■ It is asserted in ground of error three that the court erred in making a finding that a deadly weapon was used because that finding was not made by the jury. This contention is overruled. The indictment alleged as the element of aggravation that the robbery was committed by appellant by "using and exhibiting a deadly weapon, namely, a firearm." The court's charge required that the jury find this element before convicting appellant of aggravated robbery. Under these circumstances, the jury's verdict finding appellant guilty of aggravated robbery necessarily

**524**

included a finding that a deadly weapon was used. *Ex Parte Moser*, 602 S.W.2d 530, 533 (Tex.Cr.App.1980).

■ Ground of error four asserts the trial court erred in overruling appellant's motion to dismiss under the provisions of the Texas Speedy Trial Act, Vernon's Ann. C.C.P. art. 32A.02, Sec. 1(1), requiring the State to be ready for trial within 120 days of the commencement of this criminal action. The record shows that this criminal action began on December 4, 1981, when appellant was arrested; that the indictment was filed on February 15, 1982; and that the State announced ready for trial on March 8th, 10th and 11th. The case proceeded to trial on June 21, 1982. Appellant's contention that the State did not conform to the requirements of the Speedy Trial Act is without merit. The State's declaration of ready within the period of 120 days prescribed by the statute was a prima facie, but rebuttable, showing of conformity to the Act. *Barfield v. State*, 586 S.W.2d 538, 542 (Tex.Cr.App.1979). There is no evidence in the record rebutting this presumption of readiness by the State. Ground of error four is overruled.

■ Appellant asserts *pro se* that the $300.00 fine assessed in the punishment verdict in addition to confinement constituted punishment not authorized under Art. 12.42(c) of the Penal Code, and presents fundamental error. We sustain this contention. Art. 12.42(c) provides:

> If it be shown on the trial of a first degree felony that the defendant has been once before convicted of any felony, on conviction he shall be punished by confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less 15 years.

There is no provision for punishment by fine in addition to confinement.

■ The punishment verdict assessing a fine against appellant was unauthorized by law, was "void at its inception", cannot be changed and corrected by the trial or appellate courts by omitting or deleting the fine from the judgment and sentence, and must

be set aside, requiring reversal of the judgment and a new trial. *Bogany v. State*, 661 S.W.2d 957 (Tex.Cr.App.1983).

The judgment of the trial court is reversed and the cause is remanded.