COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

MARTHA PEREZ,                                                )

                                                                              )              
No.  08-04-00307-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )            
County Court at Law #1

THE STATE OF TEXAS,                                     )

                                                                              )            of El Paso
County, Texas

Appellee.                           )

                                                                              )               
(TC# 20030C14969)

                                                                              )

 

 

MEMORANDUM  OPINION

 

Pending before the
Court is the Appellant=s
motion to dismiss this appeal, pursuant to Tex.R.App.P.
42.2(a), which allows: 

At any time before the
appellate court=s
decision, the appellate court may dismiss the appeal if the party that appealed
withdraws its notice of appeal‑‑ by filing a written withdrawal in
duplicate with the appellate clerk, who must immediately send the duplicate
copy to the trial court clerk.  An
appellant must personally sign the written withdrawal.

 








The rule was created to protect
appellants and to ensure that dismissals of their appeals are by their
consent.  Furthermore, the rule
helps ensure that such consent is informed.  Conners v. State, 966 S.W.2d 108,
110 (Tex.App.‑‑Houston [1st Dist.] 1998, pet. ref'd).  To this end, an appellant=s signature on the motion is
imperative.  Where a motion to
dismiss has been signed only by the appellant=s
attorney and not by the appellant, the motion is insufficient and must be
denied.  E.g., Page v.
State, 532 S.W.2d 341, 342 n.1 (Tex.Crim.App. 1976); Gilliam v. State,
146 Tex.Crim. 620, 177 S.W.2d 782 (1944). 
Even if the appellant does not sign the motion, substantial compliance
will suffice.  For instance, the
purpose of the rule will be met if the appellant signs an affidavit swearing to
have read the motion and acknowledging that the facts contained in the motion
are true and correct.  White v.
State, 993 S.W.2d 381, 382 (Tex.App.‑‑Waco 1999, no pet.).

Here, the motion
fails for noncompliance with the requirements of Tex.R.App.P. 42.2. 
The motion is signed by Appellant=s
attorney but not by Appellant herself. 
Despite prior notice from the clerk of this Court of the noncompliance,
the attorney for Appellant failed to bring the motion within substantial
compliance.  Accordingly, we deny
the motion.  The Appellant=s brief is now due February 12, 2005.

 

                                                                                  


January
13, 2005                                              

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)