Wilbur JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 56004.

Court of Criminal Appeals of Texas, En Banc.

Feb. 7, 1979.

Ronald Plessala, Port Arthur, for appellant.

Tom Hanna, Dist. Atty., and John R. DeWitt, Asst. Dist. Atty., Beaumont, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for aggravated robbery. Punishment was assessed at ninety-nine (99) years by the jury.

Upon original submission of this appeal, it was gleaned from the record that the

appellant was fifteen years old at the time of the alleged offense and was sixteen years of age at the time of trial. We failed to find in the record any evidence of waiver of the juvenile court's jurisdiction over the appellant or any transfer of the juvenile court's jurisdiction to the district court. See V.T.C.A., Family Code, § 54.02. The district clerk was ordered by this court to forward by supplemental transcript any order transferring jurisdiction from the juvenile court to district court or to certify that there was no such order. The district clerk forwarded such supplemental transcript showing an order transferring jurisdiction. In such supplemental transcript is found an instrument entitled "Findings Regarding Examining Trial," signed by the trial judge which reads:

"Pursuant to the Defendant's Motion for Inclusion in the Record on Appeal,[1] the Court finds that the Defendant did not receive an examining trial prior to his indictment on the 19th of August, 1976. The Court would also reflect and find that an examining trial was not requested by the defendant."

Thus, we are squarely presented with the question of whether this conviction can stand in light of *Ex parte Menefee*, 561 S.W.2d 822 (Tex.Cr.App.1977). In *Menefee* the juvenile court waived jurisdiction and ordered the discretionary transfer to district court of Menefee's cause. His attorney then requested an examining trial of the district court as provided in V.T.C.A., Family Code, § 54.02(h). None was provided and an indictment was returned. Menefee then filed an application for writ of habeas corpus contending the indictment was void since he had been denied an examining trial in violation of V.T.C.A., Family Code, § 54.02(h), and had been deprived of one of the essential steps provided by law before a juvenile can be tried as an adult. The trial court entered an order denying relief acting upon an agreed statement of facts.

---

1. This motion was filed after this court's order to the district clerk which requested that it be included in the record that the appellant had

not received an examining trial prior to indictment.

On appeal this court wrote:

"The question presented is apparently one of first impression. Is an indictment returned against a juvenile after a discretionary transfer from juvenile court void for the failure of the district court, to which the transfer was made, to conduct an examining trial prior to the return of the indictment?"

After discussing the history of V.T.C.A., Family Code, § 54.02, and other matters, this court concluded that such indictment is void. This discussion need not be repeated here.

In *Criss v. State*, 563 S.W.2d 942 (Tex.Cr. App.1978), it was held that the right to an examining trial accorded a defendant by virtue of said § 54.02(h) could be waived if waived in accordance with V.T.C.A., Family Code, § 51.09(a). Said § 51.09(a) reads:

"Unless a contrary intent clearly appears elsewhere in this title, any right granted to a child by this title or by the constitution or laws of this state or the United States may be waived in proceedings under this title if:

"(1) the waiver is made by the child and the attorney for the child;

"(2) the child and the attorney waiving the right are informed of and understand the right and the possible consequences of waiving it;

"(3) the waiver is voluntary; and

"(4) The waiver is made in writing or in court proceedings that are recorded."

In *Criss* the court stated: "When understood as a right created by Sec. 54.02(h), supra, the examining trial falls within the express terms of the Sec. 51.09(a) waiver provision." In *Criss* there was a waiver in accordance with said Sec. 51.09(a) of the Family Code.

In the instant case it is undisputed that no examining trial was accorded the appellant. While the trial court found no examining trial was requested, there was no waiver of such examining trial in accordance with Sec. 51.09(a). Therefore, the in-

dictment is void. See *White v. State*, 576 S.W.2d 843 (Tex.Cr.App.1979).

The indictment is hereby set aside and the cause is reversed and remanded in order that the appellant may be accorded an examining trial prior to the return of any new indictment.

DOUGLAS, TOM G. DAVIS, DALLY and W. C. DAVIS, JJ., dissent for the reasons stated in the dissenting opinion in *White v. State*, supra.