Ex parte Harold Leo LeBLANC, Jr.

No. 58575.

Court of Criminal Appeals of Texas, En Banc.

Feb. 7, 1979.

Rehearing En Banc Denied March 21, 1979.

Joseph C. Hawthorn, Beaumont, for appellant.

None for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order entered in a habeas corpus proceeding in the Criminal District Court of Jefferson County denying relief to appellant. He sought to have the indictment against him alleging capital murder and murder dismissed and to prevent his further prosecution or conviction of these offenses.

An agreed statement of facts is in the record before us. It reflects that appellant was alleged to have committed capital murder and murder in Jefferson County on February 26, 1975. At that time, appellant was fifteen years old having been born on April 7, 1959. The County Court of Jefferson County, sitting as a Juvenile Court, on November 12, 1975, entered an order waiving jurisdiction and transferring the cause in question to the Criminal District Court of Jefferson County.

On December 8, 1975, the Criminal District Court held an examining trial and discharged appellant because the State failed to establish probable cause that appellant had committed the alleged offenses.[1]

The County Attorney of Orange County on February 18, 1976, filed a petition in the Orange County Juvenile Court alleging that appellant had engaged in delinquent conduct by committing the offense of forgery on February 12, 1976. On March 2, 1976, the Juvenile Court of Orange County found the allegations in the petition true and committed appellant to the Texas Youth Council. At the time of the finding, the offenses of capital murder and murder allegedly occurring in Jefferson County were within the knowledge of the Orange County Juvenile Court as evidenced by the record of the Juvenile Court proceedings.

On April 1, 1976, appellant was indicted in Jefferson County for the previously mentioned offenses of capital murder and murder. It is this indictment which appellant seeks to have dismissed.

In *Ex parte Menefee*, 561 S.W.2d 822 (Tex.Cr.App.1977), we held that a juvenile who has been transferred to a district court for criminal proceedings has the right to an examining trial in the district court before indictment and that an indictment returned prior to an examining trial in the district court is void. In reaching that conclusion, after setting forth the legislative enactments through the years, we stated:

"Is it clear from these enactments that the legislative intent has been that a three step procedure be followed before a juvenile, sixteen and later fifteen years old or older, is tried in district court as an adult. At each step safeguards were provided. If the juvenile court decides to retain jurisdiction at the hearing to determine if the court should waive jurisdiction and certify the juvenile for criminal proceedings, that ends the matter with regard to certification. The juvenile then will be handled as a juvenile. If there has been certification and the district court, following an examining trial, decides to remand the juvenile to juvenile court, then the juvenile will not be tried as an adult but will be subject to the jurisdiction of the juvenile court. If the juvenile, after an examining trial in district court, is bound over for action by the grand jury and the grand jury does not indict, the district court certifies such failure to indict to the juvenile court and the jurisdiction of the case is resumed by the juvenile court. Thus, at any of the three steps if there is a decision not to prosecute the juvenile as an adult, then the juvenile will not be so prosecuted."

---

1. The record on appeal at page 19 shows the following Criminal District Court docket entry made over twenty-eight months later:

 "4–17–78 *Record should reflect that an examining trial was held in this matter in this Court before indictment. At examining trial,*

Court found no probable cause existed based on proof offered and discharged the Def. from custody but did not return jurisdiction of the Def. to Juvenile Court pending action by the Grand Jury."

We went on to the state that an examining trial ". . . is a valuable right, *for it furnishes another opportunity to have the criminal proceedings against the juvenile terminated and the jurisdiction of the juvenile court resumed."*

Here the district court held the examining trial and discharged appellant because the State failed to establish probable cause that appellant had committed the alleged offenses. Appellant was thus not bound over for action by the grand jury, yet some four months later the grand jury returned the indictment in question against appellant.

We find such indictment to be void. *Ex parte Menefee,* supra; *White v. State,* 576 S.W.2d 843 (Tex.Cr.App., this day decided); *Jones v. State,* 576 S.W.2d 853 (Tex.Cr.App., this day decided).

 While it is not uncommon nor improper for a grand jury to return an indictment against an adult discharged at an examining trial, we conclude that such is not possible in the case of a juvenile because of the three vital steps that the Legislature has provided must be accomplished before a juvenile may be tried as an adult. *Menefee,* supra. Here the State faltered at the second vital step when the court discharged appellant at the examining trial. We find that such action terminated the criminal proceedings against appellant and effectively remanded appellant to the jurisdiction of the juvenile court. To hold otherwise would render the examining trial a meaningless sham because the State could simply refuse to put on any evidence and then take the juvenile before the grand jury, thus depriving the juvenile of the valuable right of a meaningful examining trial as provided by the Legislature in V.T.C.A., Family Code, § 54.02.

 In view of our holding that an examining trial at which it is determined that there is probable cause that the accused had committed the alleged offenses is prerequisite to an indictment being returned against a juvenile sought to be tried as an adult and that the discharge of appellant here at the

examining trial terminated criminal proceedings against him, we do not reach the additional issue raised by appellant that his prosecution or conviction for the capital murder and murder offenses is barred because of former jeopardy.

The judgment is reversed and the cause remanded.

TOM G. DAVIS, Judge, dissenting.

The majority relies on *Ex parte Menefee,* Tex.Cr.App., 561 S.W.2d 822, with which I cannot agree (see dissenting opinion in *White v. State,* 843 S.W.2d 576, and goes a step beyond in arriving at its holding.

V.T.C.A. Family Code, Section 54.02(h), provides:

"If the juvenile court waives jurisdiction, it shall state specifically in the order its reasons for waiver and certify its action, including the written order and findings of the court, and transfer the child to the appropriate court for criminal proceedings. On transfer of the child for criminal proceedings, he shall be dealt with as an adult and in accordance with the Texas Code of Criminal Procedure, 1965. The transfer of custody is an arrest. The examining trial shall be conducted by the court to which the case was transferred, which *may remand the child to the jurisdiction of the juvenile court."* [Emphasis supplied.]

The Criminal District Court satisfied the "second vital step is determining whether a juvenile should be tried as an adult" required by *Menefee v. State,* supra, and *White v. State,* supra, when it held an examining trial on December 8, 1975. The majority concludes that when such examining trial did not find probable cause that such finding "effectively remanded appellant to the jurisdiction of the juvenile court." Section 54.02(h), supra, leaves it to the discretion of the court holding the examining trial as to whether there shall be a remand to the juvenile court, that section providing, "The examining trial shall be conducted by the court to which the case was transferred, which *may* remand the child to the jurisdiction of the juvenile court." [Emphasis supplied.]

That the Legislature intended to leave such matter to the discretion of the court conducting the examining trial is further evidenced by V.T.C.A. Family Code, Sec. 54.02(i), which provides if the grand jury does not indict, the district court "*shall* certify the grand jury's failure to indict to the juvenile court." [Emphasis supplied.]

The majority disregards that provision of Sec. 54.02(h), supra, which provides, "On transfer of the child for criminal proceedings, he *shall be dealt with as an adult* in accordance with the Texas Code of Criminal Procedure." [Emphasis supplied.] As noted in the majority opinion, "it is not uncommon nor improper for a grand jury to return an indictment against an adult discharged at an examining trial."

The appellant was accorded "the second vital step" mandated by *Menefee* and *White* when he was given an examining trial in the Criminal District Court of Jefferson County. It was then within the discretion of the court as to whether it should remand the appellant to juvenile court upon probable cause not being found, Sec. 54.02(h) providing that such court ". . . *may* remand the child to the jurisdiction of the juvenile court." [Emphasis supplied.] When appellant was transferred to district court from juvenile court, he was to be "dealt with as an adult" under Sec. 54.02(h). The grand jury returned indictments against appellant for capital murder and murder. I would hold that the grand jury had jurisdiction to take such action.

I dissent.

DOUGLAS, DALLY and W. C. DAVIS, JJ., join in this dissent.