**Ex parte Ronnie Joe CHATMAN.**

**No. 58870.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 14, 1979.

Rehearing En Banc Denied March 21, 1979.

OPINION

QUENTIN KEITH, Commissioner.

This is an application for writ of habeas corpus filed pursuant to Art. 11.07, Sec. 2, V.A.C.C.P. (Supp.1978). Petitioner was convicted in the 122nd District Court of Galveston County of the offense of aggravated rape on his plea of guilty before the court, and assessed a 20-year sentence on April 7, 1975, and no appeal was perfected from such judgment.

Petitioner contends that the judgment of conviction in the instant case is void because the trial court failed to conduct an

examining trial pursuant to the provisions of Sec. 54.02(h), Family Code (1975), after he had been certified to the district court for trial as an adult. The trial court recommended that the application for the writ of habeas corpus be denied even though the State's answer filed in the habeas corpus proceeding specifically admitted that "no examining trial was held by any court other than his certification hearing."

By an order entered on May 9, 1978, this Court called the trial court's attention to our opinion in *Ex parte Menefee*, 561 S.W.2d 822 (Tex.Cr.App.1977), holding that the failure to conduct an examining trial after the juvenile certification to the district court rendered the indictment fatally defective. Our order also called attention to the opinion in *Criss v. State*, 563 S.W.2d 942 (Tex.Cr.App.1978), wherein we held that under certain circumstances the requirement that an examining trial be conducted may be waived.

We directed the trial court to hold a further hearing "to determine whether any specific waiver of the examining trial was obtained in the case at bar" and directed the trial court to make additional findings and to recertify the record to this Court for review.

Notwithstanding the specificity of our order on remand, the trial court has wholly failed to make the requisite finding as to waiver of the examining trial.[1] There are no findings of fact with reference to a waiver of an examining trial and no showing thereof in the record before us. Absent a showing of an intentional knowing waiver, such defect was not cured. See and compare *Ramirez v. State*, 486 S.W.2d 373, 374 (Tex.Cr.App.1972). While the trial court's conclusion (as set out in footnote 1) may be technically correct insofar as petitioner's *constitutional* rights are concerned, there has been a denial of his statutory rights under *Menefee*, supra.

A portion of the record in the original trial is before us and we are unable to find that there was any waiver of the right to an examining trial as in *Criss*, supra. State's counsel has stipulated that there was no examining trial held and we accept such stipulation as bespeaking the truth.

A conviction for a felony cannot be had in Texas without an indictment. Texas Constitution Art. I, § 10; *Melancon v. State*, 367 S.W.2d 690, 692 (Tex.Cr.App.1963). And, as stated in *Albrecht v. United States*, 273 U.S. 1, 8, 47 S.Ct. 250, 252, 71 L.Ed. 505 (1926), "A person may not be punished for a crime without a formal and sufficient accusation even if he voluntarily submits to the jurisdiction of the court." Or, as stated by the author in 2 Wharton's Criminal Procedure, § 225, at 7 (12th Ed., C. Torcia, 1975): "[A] void indictment or information is the same as no formal accusation at all."

Under the record which we review, petitioner is entitled to relief from confinement under the void indictment under the rationale of *Menefee*, supra. See *White v. State*, 576 S.W.2d 843 (Tex.Cr.App.1979); *Jones v. State*, 576 S.W.2d 853 (Tex.Cr.App.1979). See also *Davila v. State*, 547 S.W.2d 606, 608 (fn. 1) (Tex.Cr.App.1977); *Huggins v. State*, 544 S.W.2d 147, 148 (Tex.Cr.App. 1976).

We now order that he be released from further confinement under the void conviction attacked and that he be delivered to the Sheriff of Galveston County, where he will be held for an examining trial under Sec. 54.02(h), Family Code (1975), and such further proceedings as may be appropriate when conducted in accordance with the applicable statutes and rules, without reference to his earlier conviction which is here and now vacated. It is so ordered.

Opinion approved by the Court en banc.

DOUGLAS, TOM G. DAVIS, DALLY and W. C. DAVIS, JJ., dissent.

---

[1] Six specific findings of fact were made, none of which touched, even tangentially, the question we submitted. Notwithstanding this pointed disregard of our order, this bald conclusion is made: "The Court is further of the opinion and finds from an examination and consideration of the record in this case, that Petitioner is lawfully confined, that he has not been denied any right or privilege guaranteed to him by the Constitutions of the United States and of the State of Texas."