**Ex parte Stanley GLOSTON.**

**No. 58695.**

Court of Criminal Appeals of Texas, En Banc.

March 7, 1979.

Rehearing En Banc Denied April 25, 1979.

Richard E. Wetzel (Texas Dept. of Corrections), Rosharon, for appellant.

James S. McGrath, Dist. Atty. and John R. DeWitt, Asst. Dist. Atty., Beaumont, for the State.

## OPINION

DALLY, Judge.

This is a post-conviction habeas corpus proceeding. See Art. 11.07, V.A.C.C.P.

The petitioner was convicted of the offense of aggravated robbery on January 19, 1977. On appeal the judgment was affirmed in a per curiam opinion. *Gloston v. State*, 556 S.W.2d 834 (Tex.Cr.App.1977). The petitioner asserts that the judgment of conviction is void because he was not provided an examining trial as required by V.T.C.A. Family Code, Sec. 54.02(h) before the indictment was returned by the grand jury.

On May 21, 1976, the 317th District Court of Jefferson County sitting as a juvenile court certified the petitioner, a juvenile, to be tried as an adult and transferred the cause to the Criminal District Court of Jefferson County for trial. The record does not show that the appellant was granted an examining trial before the grand jury returned the indictment against him on August 19, 1976, and the record does not show that an examining trial was waived pursuant to V.T.C.A. Family Code, Sec. 51.09(a). See *Criss v. State*, 563 S.W.2d 942 (Tex.Cr. App.1978).

A majority of this Court, with four judges dissenting, has held that absent a waiver made pursuant to V.T.C.A. Family Code, Sec. 51.09(a), the failure to afford a juvenile who has been certified as an adult an examining trial before he is indicted renders the indictment void. *White v. State*, 576 S.W.2d 843 (Tex.Cr.App.1979); *Jones v. State*, 576 S.W.2d 853 (Tex.Cr.App. 1979).

A void indictment may be successfully attacked in a collateral proceeding. *Ex parte Banks*, 542 S.W.2d 183 (Tex.Cr. App.1976); *Ex parte Jones*, 542 S.W.2d 179 (Tex.Cr.App.1976); *Standley v. State*, 517 S.W.2d 538 (Tex.Cr.App.1975).

Under the authority of *White v. State*, supra, and *Jones v. State*, supra, the appellant is entitled to the relief which he seeks. The judgment of conviction is set aside and the indictment is ordered dismissed. The cause is remanded to the trial court for proceedings not inconsistent with the opinion.

It is so ordered.