Ex parte Ismael JUAREZ, Jr.

No. 58182.

Court of Criminal Appeals of Texas, En Banc.

March 7, 1979.

Rehearing En Banc Denied April 25, 1979.

Richard E. Wetzel, Rosharon, for appellant.

Rick Hamby, Dist. Atty. and Don Richard, Asst. Dist. Atty., Big Spring, for the State.

OPINION

DALLY, Judge.

This is a post-conviction habeas corpus proceeding. See Art. 11.07, V.A.C.C.P.

The petitioner was convicted of the offense of aggravated robbery on September 19, 1977. The petitioner asserts that the judgment of conviction is void because he was not afforded an examining trial as required by V.T.C.A. Family Code, Sec. 54.-02(h) before the indictment was returned by the grand jury.

■ On March 5, 1976, the 118th District Court of Howard County, sitting as a juvenile court, certified the petitioner, a juvenile, to be tried as an adult in the 118th District Court of Howard County. The appellant was not granted an examining trial before the grand jury returned the indictment against him on March 30, 1977. An examining trial was not waived as provided by V.T.C.A. Family Code, Sec. 51.09(a). See *Criss v. State*, 563 S.W.2d 942 (Tex.Cr. App.1978).

A majority of this Court, with four judges dissenting, has held that absent a waiver made pursuant to V.T.C.A. Family Code, Sec. 51.09(a), the failure to afford a juvenile who has been certified as an adult an examining trial before he is indicted renders the indictment void. *White v. State*, 576 S.W.2d 843 (Tex.Cr.App.1979); *Jones v. State*, 576 S.W.2d 853 (Tex.Cr.App. 1979).

■ A void indictment may be successfully attacked in a collateral proceeding. *Ex parte Banks*, 542 S.W.2d 183 (Tex.Cr. App.1976); *Ex parte Jones*, 542 S.W.2d 179 (Tex.Cr.App.1976); *Standley v. State*, 517 S.W.2d 538 (Tex.Cr.App.1975).

Under the authority of *White v. State*, supra, and *Jones v. State*, supra, the petitioner is entitled to the relief which he seeks. The judgment and sentence are set aside and the indictment is ordered dismissed. The cause is remanded to the 118th District Court of Howard County for proceedings not inconsistent with this opinion.

It is so ordered.