**Ex parte Albert RODRIGUEZ.**

**Nos. 60835, 60836.**

Court of Criminal Appeals of Texas,
Panel No. 1.

March 28, 1979.

Charles Van Orden, Huntsville, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

These are post-conviction applications for habeas corpus brought under the terms of Article 11.07, V.A.C.C.P.

In proceedings in the trial court the trial judge filed findings of fact and conclusions of law determining that the petitioner was entitled to the relief sought. We agree.

The record reflects that petitioner was convicted of the offenses of murder and aggravated robbery on October 18, 1976 in the 186th District Court. Punishment was assessed upon guilty pleas before the court at thirty-five (35) years' imprisonment in each case. Sentences were made to run concurrently. The cases were affirmed in per curiam opinions by this court.[1]

In habeas corpus applications petitioner alleged he was less than seventeen years of age at the time of the offenses, that he was certified to the district court as an adult by the juvenile court, but that he was not accorded an examining trial in district court as required by V.T.C.A., Family Code, § 54.02(h), in either case and there was no waiver of the same. See *Criss v. State*, 563 S.W.2d 942 (Tex.Cr.App.1978). He contends that the indictments returned against him without an examining trial were void. See *Ex parte Menefee*, 561 S.W.2d 822 (Tex. Cr.App.1977); *Jones v. State*, 576 S.W.2d 853 (Tex.Cr.App.1979); *White v. State*, 576 S.W.2d 843 (Tex.Cr.App.1979); *Ex parte LeBlanc*, 577 S.W.2d 731 (Tex.Cr.App.1979); *Ex parte Hunter*, 577 S.W.2d 496 (Tex.Cr. App.1979).

The trial court concluded the facts alleged by the petitioner were true and that no examining trials were held and found as a matter of law that the petitioner was entitled to relief sought in light of *Ex parte Menefee*, supra, and that his guilty pleas to void indictments did not constitute a waiver of examining trials. Cf. *Ex parte Chatman*, 577 S.W.2d 734 (Tex.Cr.App.1979).

In light of *Ex parte Menefee*, supra, and other cases cited, petitioner is entitled to the relief he seeks. The judgments of convictions are hereby set aside, the indictments are ordered dismissed, and the petitioner released from the Department of Corrections.

It is so ordered.

---

1. These appeals did not raise the question now raised by these habeas corpus proceedings, and were decided prior to the overruling of *Wine-garner v. State*, 505 S.W.2d 303 (Tex.Cr.App. 1974), by *White v. State*, 576 S.W.2d 843 (Tex. Cr.App.1979) (see footnote # 1).