Ex parte Richard Anthony ROGERS.

No. 60891.

Court of Criminal Appeals of Texas, En Banc.

March 28, 1979.

Charles Van Orden, Huntsville, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

TOM G. DAVIS, Judge.

This is an application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C. C.P.

On March 17, 1977, petitioner entered a plea of nolo contendere to the offense of murder in the 212th District Court of Galveston County and punishment was assessed by the court at fifteen years. No appeal was taken from this conviction. Petitioner contends that the conviction is void because the trial court "failed to hold an examining trial in violation of the mandatory provisions of the Texas Family Code, Sec. 54.02(h)."

Petitioner, a juvenile at the time the offense in question was committed, was certified by the juvenile court to the 212th District Court to be tried as an adult. The findings of the trial court at the 11.07 hearing reflect that an examining trial was not held pursuant to V.T.C.A. Family Code, Sec. 54.02(h), nor was an examining trial waived in accordance with V.T.C.A. Family Code, Sec. 51.09(a). See *Criss v. State*, (Tex.Cr. App.), 563 S.W.2d 942.

This Court has held that absent a waiver made pursuant to Sec. 51.09, supra, the failure to afford a juvenile who has been certified as an adult an examining trial before he is indicted renders the indictment void.[1] *Ex parte Menefee*, (Tex.Cr.App.), 561 S.W.2d 822; *White v. State*, (Tex.Cr. App.), 576 S.W.2d 843; *Ex parte Gloston*, (Tex.Cr.App.), 579 S.W.2d 212; (1979); *Ex parte LeBlanc*, (Tex.Cr.App.), 577 S.W.2d 731 (1979).

A void indictment may be successfully attacked in a collateral proceeding. *Ex parte Banks*, (Tex.Cr.App.), 542 S.W.2d 183; *Ex parte Roberts*, (Tex.Cr.App.), 522 S.W.2d 451.

---

1. I remain convinced that the holdings in *Menefee v. State*, supra, and its progeny are incorrect. See dissenting opinions in *White v. State*, supra; *Ex parte LeBlanc*, supra. Nonetheless, since these cases have become the law of this State, I follow same without further comment. This I believe to be my duty under the oath of office I have taken.

Appellant is entitled to the relief which he seeks. The judgment of conviction is set aside and the indictment is ordered dismissed. The case is remanded to the trial court for proceedings not inconsistent with this opinion.

It is so ordered.