Ex parte Peter Brett CLARK.

No. 60646.

Court of Criminal Appeals of Texas, Panel No. 2.

April 4, 1979.

Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and ODOM, JJ.

OPINION

DOUGLAS, Judge.

This is an application for writ of habeas corpus filed pursuant to Article 11.07, V.A. C.C.P.

On June 28, 1976, petitioner, a juvenile, entered pleas of guilty to five indictments charging him with delivery of heroin. Petitioner subsequently filed an application for writ of habeas corpus contending that the convicting court was without jurisdiction to

---

hear the case because he was not accorded his right to an examining trial. The judge of the convicting court has entered an order finding that the relevant facts alleged by petitioner are true and concluding that Clark is entitled to the relief he seeks.

■ This Court has held that an examining trial is a mandatory step in securing conviction of a juvenile who has been certified as an adult. *Ex parte Menefee,* 561 S.W.2d 822 (Tex.Cr.App.1978).[1] This step may be waived only if done so according to the provisions of V.T.C.A., Family Code, Section 51.09(a). *Criss v. State,* 563 S.W.2d 942 (Tex.Cr.App.1978).

■ In the instant case, petitioner was not accorded his right to an examining trial and did not waive the right pursuant to Section 51.09(a). He is entitled to the relief he seeks.

Petitioner's convictions for delivery of heroin in Cause Nos. A–8634, A–8636, B–8633, B–8635 and B–8637 are set aside.

1. The writer remains convinced that *Menefee* was incorrectly decided and should be overruled. The State's Attorney has filed a brief urging that the right to an examining trial is waived by entry of a guilty plea and that, in any event, such claims do not involve constitutional rights nor are they an essential requirement of a fair trial and therefore they should not be cognizable on habeas corpus. The writer agrees with these arguments advanced by the State. However, they have previously been rejected in several cases including *White v. State,* 576 S.W.2d 843 (Tex.Cr.App.1979), and *Ex parte LeBlanc,* 577 S.W.2d 731 (Tex.Cr.App. 1979), which the State argues should be overruled.