**Ex parte Travis BITTICK.**

**No. 60834.**

Court of Criminal Appeals of Texas, En Banc.

April 4, 1979.

Richard E. Wetzel, Rosharon, for appellant.

James H. Keeshan, Dist. Atty., and Michael A. McDougal, Asst. Dist. Atty., Conroe, Robert Huttash, State's Atty., Austin, for the State.

---

OPINION

DOUGLAS, Judge.

This is an application for writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P.

On September 19, 1977, petitioner, a juvenile, entered a plea of guilty to an information charging burglary of a building and received a two-year sentence. Petitioner subsequently filed a writ of habeas corpus contending that the convicting court was without jurisdiction to hear the case because petitioner was denied his right to an examining trial, that the juvenile court denied petitioner the right to counsel at the transfer hearing and that petitioner was not accorded his right to proper notice of the transfer hearing. On January 26, 1978, in our per curiam order, we remanded the case for an evidentiary hearing. The convicting court held a hearing and has entered findings of facts and conclusions of law. Essentially, the court found all the facts to be in accordance with petitioner's allegation but concluded that petitioner's waiver of indictment and entry of a guilty plea constituted a waiver of these complaints. The State disagrees and has filed a brief urging that relief be granted.

 An examining trial is a mandatory step in securing conviction of a juvenile who has been certified as an adult. *Ex parte Menefee,* 561 S.W.2d 822 (Tex.Cr.App. 1978).[1] This step may be waived but only if done so according to the provisions of V.T.C.A., Family Code, Section 51.09(a). *Criss v. State,* 563 S.W.2d 942 (Tex.Cr.App.1978).

 In the instant case, petitioner was not accorded his right to an examining trial and did not waive the right pursuant to Section 51.09(a). He is entitled to the relief he seeks. Because of our disposition of this ground, we need not consider his other contentions.

Petitioner's conviction in Cause 5697, burglary of a building, is set aside.

---

1. The writer is still of the opinion that the *Menefee* case was incorrectly decided and that it should be overruled.