**Ex parte William Gregory BROOKS.**

**No. 60890.**

Court of Criminal Appeals of Texas, En Banc.

April 11, 1979.

Constance Smith McGuire, Asst. County Atty., Waxahachie, Robert Huttash, State's Atty., Austin, for the State.

OPINION

CLINTON, Judge.

This is a post conviction petition for writ of habeas corpus brought pursuant to Art. 11.07, V.A.C.C.P.

On July 12, 1977, petitioner was convicted upon his plea of guilty in the 40th Judicial District Court for the offense of aggravated robbery. Punishment was assessed at five years confinement. No appeal was taken.

Petitioner now complains that his conviction is void by virtue of the fact that the district court was without jurisdiction to render judgment and sentence on his plea of guilty.

In support of such conclusion, petitioner alleges as fact that on January 18, 1977, the date he was alleged to have committed the offense, he was sixteen years of age;[1] that on March 2, 1977, a hearing was held in the 40th Judicial District Court of Ellis County, sitting as a Juvenile Court, to determine whether petitioner should be certified as an adult under Section 54.02, V.T.C.A., Family Code, and transferred to the district court jurisdiction for trial on this cause; that pursuant to this hearing, an order was entered by the Juvenile Court which effected waiver of its jurisdiction in this cause, certification of petitioner as an adult and transfer of this cause to the district court for criminal proceedings; that on May 12, 1977, petitioner was indicted for the offense of aggravated robbery without having first been afforded his right to an examining trial as mandated by Section 54.02(h), V.T.C.A., Family Code, nor without having affirmatively waived such right in accord with the provisions of Section 51.09(a), V.T.C.A., Family Code.

The application for writ of habeas corpus now before us was filed on May 22, 1978 in the 40th Judicial District Court. No hearing having been deemed necessary, the trial court entered findings of fact and conclusions of law on July 25, 1978, recommending that the writ be denied. Finding from the record that petitioner is confined pursuant to that conviction of which he now complains, we conclude that this Court has jurisdiction of this cause. See Art. 11.07, Section 2(b), V.A.C.C.P.

A review of the record before us reveals that petitioner's factual allegations are in all respects supported, and accordingly the petition for writ of habeas corpus is granted.[2] *Ex Parte Gloston,* 579 S.W.2d 212,

1. There can be no question that petitioner's age on the *date of the commission of the offense* conclusively determined that "exclusive original jurisdiction" over proceedings herein was in the Juvenile Court. See V.T.C.A., Family Code, Sections 51.02(1) and 54.02. Petitioner's age at the time of indictment is not arguably germane in this cause. Compare V.T.C.A., Penal Code, Section 8.07(b), Acts 1973, 63rd Leg., effective January 1, 1974, with amendment thereto by Acts 1975, 64th Leg., effective September 1, 1975 [wherein apparent conflict with the Family Code in this regard was resolved].

2. It is well settled that this Court is not bound by the findings or recommendations of the trial court. *Ex Parte Williams,* 561 S.W.2d 1 (Tex. Cr.App.1978); *Ex Parte Hagans,* 558 S.W.2d 457 (Tex.Cr.App.1977).

No. 58,695 (Tex.Cr.App.1979); *Ex Parte Juarez,* 579 S.W.2d 211, No. 58,182 (Tex.Cr. App.1979); *Ex Parte Ytuarte,* 579 S.W.2d 210, No. 57,995 (Tex.Cr.App.1979); *White v. State,* 576 S.W.2d 843 (Tex.Cr.App.1979); *Menefee v. State,* 561 S.W.2d 822 (Tex.Cr. App.1977).

The prosecution under the indictment in Cause No. 53,708 is dismissed and petitioner is discharged from custody in that cause. A copy of this opinion will be forwarded to the Texas Department of Corrections. It is so ordered.