**Ex parte McDonald A. SPENCER, Jr.**

**No. 59640.**

Court of Criminal Appeals of Texas, En Banc.

April 11, 1979.

John Paul Davis, Beaumont, for appellant.

James S. McGrath, Dist. Atty. and Paul E. Naman, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal stems from a district court's denial of an application for writ of habeas corpus.

The record reveals the Juvenile Court of Jefferson County certified the petitioner to stand trial as an adult for allegedly committing three offenses of aggravated robbery. Jurisdiction was transferred to the Criminal District Court of Jefferson County. No examining trials were conducted in the District Court, but at the April term, 1977, of the grand jury of Jefferson County, the petitioner was indicted for the three offenses. On September 7, 1977, the petitioner pleaded guilty to the three indictments, but before he was sentenced the case of *Ex parte Menefee*, 561 S.W.2d 822 (Tex.Cr.App. 1977), was decided. Based upon the *Menefee* decision, the District Court dismissed the indictments because the petitioner had not been afforded examining trials. On June 6, 1978 an examining trial or trials were held on the three offenses. The State announced it would offer no evidence as to

one of the offenses. It offered only the confession as to one of the offenses, which apparently did not state the name of the complaining witness or other details so as to identify the offense, and admitted another robbery was committed the same day without more so that the offense could be identified as one of the robberies charged.[1] The judge noted that the confession was not sufficient to identify any of the offenses charged. At the conclusion of the examining trials, the judge announced that he was dismissing all three "complaints" since the State had failed to show probable cause to bind the petitioner over to the grand jury for any of the three cases. The judge announced he was retaining jurisdiction over the petitioner until July 7, 1978. He also stated, "I will not take any action on returning him to the custody of the Juvenile Court until July seventh. If you (prosecutor) care to file additional complaints or indictments are returned, and I have no idea what the status of the law is . . . The setting on July seventh is to determine whether or not in Cause No. 3222–J the defendant should be returned to the custody of the Juvenile Court . . . ."[2]

Prior to July 7th, the grand jury returned new indictments against the petitioner for the same three offenses. The record does not reflect whether the court proceeded with a formal hearing on July 7th, but the docket sheet reflects that on that date petitioner was arraigned, pleaded not guilty and a trial date was set on these cases. On August 21, 1978, petitioner filed this application for a writ of habeas corpus and it was denied by the trial court. Notice of appeal was given.

Petitioner contends that the new indictments returned against him are void and should be set aside because at the examining trial or trials the District Court found

---

1. The statement of facts of the examining trials (which were consolidated) are in the habeas corpus record before us. The record reflects that the confession was introduced and the court reporter's note reflects the confession is set out on the following page which, however, is blank.

2. These statements were orally made and are reflected in the statement of facts. We find no other orders, oral or written, in the record.

no probable cause on any of the causes, dismissed the "complaints" and did not bind him over to the grand jury, and he did not afford him an opportunity to be remanded to the Juvenile Court.[3] Petitioner relies upon *Ex parte Menefee,* supra, and V.T. C.A., Family Code, § 54.02(h). *Ex parte Menefee,* supra, held that an indictment returned against a juvenile after a discretionary transfer from the juvenile court is void if an examining trial in district court has not been afforded the juvenile prior to the return of the indictment. In *Ex parte Menefee,* supra, the court wrote:

"It is clear from these enactments that the legislative intent has been that a three step procedure be followed before a juvenile, sixteen and later fifteen years old or older, is tried in district court as an adult. At each step safeguards were provided. If the juvenile court decides to retain jurisdiction at the hearing to determine if the court should waive jurisdiction and certify the juvenile for criminal proceedings, that ends the matter with regard to certification. The juvenile then will be handled as a juvenile. If there has been certification and the district court, following an examining trial, decides to remand the juvenile to juvenile court, then the juvenile will not be tried as an adult but will be subject to the jurisdiction of the juvenile court. If the juvenile, after an examining trial in district court, is bound over for action by the grand jury and the grand jury does not indict, the district court certifies such failure to indict to the juvenile court and the jurisdiction of the case is resumed by the juvenile court. Thus, at any of the three steps if there is a decision not to prosecute the juvenile as an adult, then the juvenile will not be so prosecuted.

"While there have been changes in the language in the various enactments, the purpose and basic procedure has remained the same."

3. The District Attorney has filed no brief.

4. See *Ex parte Porter,* 16 Tex.App. 321 (1884).

5. Article 16.17, V.A.C.C.P., provides:

See also *White v. State,* 576 S.W.2d 843 (Tex.Cr.App.1979); *Jones v. State,* 576 S.W.2d 853 (Tex.Cr.App.1979); *Ex parte Gloston,* 579 S.W.2d 212 (Tex.Cr.App. 1979); *Ex parte Hunter,* 577 S.W.2d 496 (Tex.Cr.App.1979); *Ex parte Chatman,* 577 S.W.2d 734 (Tex.Cr.App.1979).

In the instant case there was an examining trial, although the trial court, and rightly so, found that the State had not presented sufficient evidence to establish probable cause to bind the petitioner over to the grand jury. Does the fact that an examining trial was accorded, regardless of the outcome, change the result called for by *Menefee* and *White,* etc.? We do not so conclude. *Ex parte LeBlanc,* 577 S.W.2d 731 (Tex.Cr.App.1979), is dispositive of the question. In *LeBlanc,* after finding the indictment void, citing *Menefee* and *White* and *Jones,* this court wrote:

"While it is not uncommon nor improper for a grand jury to return an indictment against an adult discharged at an examining trial,[4] we conclude that such is not possible in the case of a juvenile because of the three vital steps that the Legislature has provided must be accomplished before a juvenile may be tried as an adult. *Ex parte Menefee,* supra. Here the State faltered at the second vital step when the court discharged appellant at the examining trial. We find that such action terminated the criminal proceedings against appellant and effectively remanded appellant to the jurisdiction of the juvenile court. To hold otherwise would render the examining trial a meaningless sham because the State could simply refuse to put on any evidence and then take the juvenile before the grand jury, thus, depriving the juvenile of the valuable right of a meaningful examining trial as provided by the Legislature in V.T.C.A., Family Code, § 54.02."[5]

"After the examining trial has been had, the judge shall make an order committing the defendant to the jail of the proper county, discharging him or admitting him to bail, as the law and facts of the case may require.

We find it passingly strange that while appellant's cases were apparently such as to cause the juvenile court to certify him for discretionary transfer to the district court and were such as to cause the grand jury to prematurely indict, that the State could not establish probable cause at the examining trial for any of the cases, unless these cases were obviously designed or "set up" by the State and the trial court as test cases for this court. Nevertheless, we conclude, under the facts presented to us, that *Ex parte LeBlanc,* supra, is controlling.

The judgment is reversed and remanded.

"Failure of the judge to make or enter an order within 48 hours after the examining trial has been completed operates as a finding of no probable cause and the accused shall be discharged."

When this statute is considered together with V.T.C.A., Family Code, § 54.02, we consider the same to be in harmony with the *LeBlanc* opinion.