Ex parte David RIDGEWAY.

No. 61096.

Court of Criminal Appeals of Texas,
En Banc.

April 25, 1979.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is a post-conviction proceeding under Article 11.07, V.A.C.C.P. The petitioner contends that on November 5, 1976 he was certified by the juvenile court to the district court for trial as an adult, and that on November 19, 1976 he was indicted by the grand jury for unauthorized use of a motor vehicle without being accorded an examining trial. On April 14, 1977 petitioner entered a guilty plea to the indictment in a bench trial and his punishment was seven (7) years' imprisonment, but imposition of the sentence was suspended and he was placed on probation. On September 6, 1977 petitioner's probation was revoked and he was sentenced. No appeal was taken.

Petitioner urges that since he was not accorded an examining trial required by V.T.C.A., Family Code, § 54.02(h) (1975), the indictment is void and the district court was without jurisdiction. He cites *Ex parte Menefee,* 561 S.W.2d 822 (Tex.Cr.App.1977).

The trial court made findings of fact and conclusions of law which support the allegations of petitioner's application, and that the petitioner did not waive his right to an examining trial.[1] The trial court concluded the indictment was void and it was without jurisdiction of the case at the time of petitioner's guilty plea, and it recommended

1. See *Criss v. State,* 563 S.W.2d 942 (Tex.Cr.App.1978).

that the relief prayed for by the petitioner be granted.

■ The petitioner has the standing to challenge a void indictment by way of post-conviction application for writ of habeas corpus. *Ex parte Banks*, 542 S.W.2d 183 (Tex.Cr.App.1976); *Ex parte Jones*, 542 S.W.2d 179 (Tex.Cr.App.1976); cf. *Standley v. State*, 517 S.W.2d 538 (Tex.Cr.App.1975).

■ From our examination and study of the record, we conclude that the trial court was correct in his findings of fact and conclusions of law. See *Ex parte Menefee*, supra; *White v. State*, 576 S.W.2d 843 (Tex. Cr.App.1979); *Jones v. State*, 576 S.W.2d 853 (Tex.Cr.App.1979); *Ex parte Hunter*, 577 S.W.2d 496 (Tex.Cr.App.1979); *Ex parte LeBlanc*, 577 S.W.2d 731 (Tex.Cr.App. 1979).

The petitioner is entitled to the relief prayed for. The indictment is ordered dismissed, and the petitioner is ordered released from any further confinement as a result of his conviction under such indictment.

It is so ordered.