**Ex parte Johnny Al HUNTER.**

**No. 59890.**

Court of Criminal Appeals of Texas, Panel No. 1.

May 23, 1979.

Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an application for writ of habeas corpus filed pursuant to Article 11.07, Vernon's Ann.C.C.P.

On July 22, 1976, petitioner, a juvenile, entered a plea of guilty to the offense of aggravated robbery.[1] Petitioner subsequently filed an application for writ of habeas corpus, contending that the convicting court was without jurisdiction to hear the case because he was not accorded his right to an examining trial.

 This Court has held that an examining trial is a mandatory step in securing the conviction of a juvenile who has been certified as an adult. *Ex parte Clark*, 579 S.W.2d 11 (Tex.Cr.App.1979); *Ex parte Menefee*, 561 S.W.2d 822 (Tex.Cr.App.1978). This step may be waived only if done so according to the provisions of V.T.C.A., Family Code, Section 51.09(a). *Criss v. State*, 563 S.W.2d 942 (Tex.Cr.App.1978).

In the instant case, petitioner was not accorded his right to an examining trial and did not waive the right pursuant to Section 51.09(a), supra. He is entitled to the relief he seeks. *Ex parte Bittick*, 579 S.W.2d 12 (Tex.Cr.App.1979).

Petitioner's conviction for aggravated robbery in Cause No. 4065 is set aside.

---

1. The record reflects that petitioner waived indictment and entered his plea of guilty to an information and complaint.