**William Thomas SIMONTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58300.**

Court of Criminal Appeals of Texas, Panel No. 1.

Sept. 19, 1979.

Byron W. Hodge and Thomas F. Lee, Del Rio, on appeal only, for appellant.

Tully Shahan, Dist. Atty. and Durwood Edwards, Asst. Dist. Atty., Del Rio, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., ODOM and DALLY, JJ., and KEITH, Commissioner.

## OPINION

KEITH, Commissioner.

Appellant was indicted for the offense of aggravated robbery; he pleaded not guilty but the jury found him to be guilty and assessed his punishment at confinement for five years.

It was agreed that at the time of the commission of the offense, appellant was a juvenile, he being sixteen years of age and the charges were filed first in the Juvenile Court. After a hearing, the Juvenile Court entered an order waiving jurisdiction and transferring the cause to the District Court of Val Verde County. It has been shown by an appropriate bill of exception that after the transfer to the district court no examining trial of appellant was had. In-

stead, the matter was taken directly to the grand jury with true bill being returned shortly thereafter.

There is no formal waiver of the examining trial to be found in our record; nor, does there appear to have been any request on behalf of the appellant for such a hearing.

The question presented is one which has sorely divided this Court since the seminal case of *Ex parte Menefee,* 561 S.W.2d 822 (Tex.Cr.App.1977). However, as the Court is presently constituted, there is no doubt as to the continuing vitality of the *Menefee* rule. See *White v. State,* 576 S.W.2d 843 (Tex.Cr.App.1979); *Jones v. State,* 576 S.W.2d 853 (Tex.Cr.App.1979); *Ex parte LeBlanc,* 577 S.W.2d 731 (Tex.Cr.App.1979). The Court has consistently held, in the foregoing cases, that in the absence of a valid waiver of the right to have an examining trial, an indictment returned without such examining trial is void.

We held in *Criss v. State,* 563 S.W.2d 942 (Tex.Cr.App.1978), that a juvenile could waive the right to such an examining trial by following the provisions of Tex.Family Code Ann. § 51.09(a). See also *Jones v. State,* supra, 576 S.W.2d at 854, and *Ex parte Chatman,* 577 S.W.2d 734 (Tex.Cr. App.1979).

The fact that appellant did not request an examining trial is immaterial. *Jones v. State,* supra, 576 S.W.2d at 854. Instead, under our holding in *White v. State,* supra, 576 S.W.2d at 845, the record must "affirmatively reflect that an examining trial has in fact been held in the District Court to which the juvenile is transferred."

Our record affirmatively shows that no examining trial was held and there is no proof of a valid waiver thereof by the juvenile. The indictment of appellant was void and the District Court of Val Verde County had no jurisdiction to proceed on the indictment. *Ex parte Menefee,* supra; *White v. State,* supra.

We find it unnecessary to discuss any of the other grounds of error in the brief of appellant.

The judgment is reversed and the indictment is ordered dismissed.

DALLY, J., dissents.

Opinion approved by the panel.