**Ex parte Rogers Anthony SOLETE, Jr.**

**No. 60448.**

Court of Criminal Appeals of Texas, Panel No. 1.

Feb. 13, 1980.

Rehearing Denied Sept. 10, 1980.

Gus A. Saper, Sam W. Dick, Houston, for appellant.

Carol S. Vance, Dist. Atty., and Clyde F. DeWitt, III, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

Appeal is taken from an order entered after a hearing in a habeas corpus proceeding in which the appellant sought discharge under an indictment charging him with capital murder.

This appeal presents the question of whether a juvenile can be re–certified to a district court for trial as an adult under V.T.C.A., Family Code, § 54.02, where upon the prior certification a district court in conducting an examining trial found no probable cause and remanded the juvenile to the juvenile court. We hold that the juvenile cannot be so re–certified.

The record shows the petitioner was sixteen (16) years old at the time of the commission of the alleged offense of capital murder (August 25, 1977). On November 1, 1977, the 313th District Court of Harris County, sitting as a juvenile court, waived jurisdiction and certified petitioner to the district court for trial as an adult. On January 12, 1978, the 208th District Court conducted an examining trial in the cause that had been transferred in accordance with said § 54.02. The court found that the State had failed to show probable cause that the petitioner had committed an offense and remanded petitioner to the jurisdiction of the juvenile court.

On February 6, 1978, the State filed a motion in juvenile court requesting it reconsider its previous proceedings, stating that the welfare of the community required adult criminal proceedings against the petitioner.

On March 17, 1978, the 313th District Court, sitting as a juvenile court, after re–assuming jurisdiction, entered an order that the State's petition to declare petitioner a delinquent child was void because it failed to allege an essential element of capital murder, the culpable mental state of "intentionally," and the court found all proceedings pursuant to that petition were void. The State's earlier motion alleged no such contention.

The petition had alleged the reasonable particularity as to time, place, and manner

of the acts and the penal law or standard of conduct violated by such acts.

On the same date a "3rd Amended" petition in the same cause was filed, and on September 19, 1978 the juvenile court again waived jurisdiction and certified petitioner to the district court for trial as an adult for the same offense of capital murder. The 209th District Court assumed jurisdiction. A plea to the jurisdiction and a motion to remand the cause to juvenile court were overruled and a second examining trial was held. Probable cause was found, and the petitioner was bound over to the grand jury. On November 8, 1978, petitioner was indicted for capital murder. He then brought this petition for writ of habeas corpus in the 209th District Court seeking his discharge under such indictment. In his petition he alleged, inter alia, that the indictment was "void under the laws of the State of Texas" and in his oral argument in support of his pleadings at the conclusion of the habeas corpus hearing, petitioner's counsel cited to the court said § 54.02 of the Family Code and the holding of this court in *Ex parte Menefee*, 561 S.W.2d 822 (Tex. Cr.App.1977).[1] Relief was denied, and this appeal was taken.

For the reasons stated in *Menefee* at p. 824, we conclude that this court may review the question presented by habeas corpus proceedings, though the questions are not the same. The indictments in both were void and the district court had no jurisdiction to proceed in either case, and habeas corpus relief is available.

In *Menefee* it was held that an indictment returned against a juvenile after discretionary transfer from juvenile court is void if the district court to which transfer is made fails to conduct an examining trial prior to return of an indictment in accordance with V.T.C.A., Family Code, § 54.02(g), (h), (i). The *Menefee* decision reviewed all

the former statutes dealing with discretionary transfer and set forth certain subsections of said § 54.02 as follows:

"(g) If the juvenile court retains jurisdiction, the child is not subject to criminal prosecution at any time for any offense alleged in the petition or for any offense within the knowledge of the juvenile court judge as evidenced by anything in the record of the proceedings.

"(h) If the juvenile court waives jurisdiction, it shall state specifically in the order its reasons for waiver and certify its action, including the written order and findings of the court, and transfer the child to the appropriate court for criminal proceedings. On transfer of the child for criminal proceedings, he shall be dealt with as an adult and in accordance with the Texas Code of Criminal Procedure, 1965. The transfer of custody is an arrest. The examining trial shall be conducted by the court to which the case was transferred, which may remand the child to the jurisdiction of the juvenile court.

"(i) If the child's case is brought to the attention of the grand jury and the grand jury does not indict for the offense charged in the complaint forwarded by the juvenile court, the district court or criminal district court shall certify the grand jury's failure to indict to the juvenile court. On receipt of the certification, the juvenile court may resume jurisdiction of the case."

Referring to statutes, past and present, the *Menefee* opinion stated:

"It is clear from these enactments that the legislative intent has been that a three step procedure be followed before a juvenile, sixteen and later fifteen years old or older, is tried in district court as an adult. At each step safeguards were provided. If the juvenile court decides to

---

1. If it can be urged that in view of the ending prayer to the application for a writ of habeas corpus there was a limitation of issues to double jeopardy, due process, etc., I would note that Article 11.04, V.A.C.C.P., provides:

   "Every provision relating to the writ of habeas corpus shall be most favorably con-

strued in order to give effect to the remedy, and protect the rights of the person seeking relief under it."

From the record before us, the trial court well knew the issue presented.

retain jurisdiction at the hearing to determine if the court should waive jurisdiction and certify the juvenile for criminal proceedings, that ends the matter with regard to certification. The juvenile then will be handled as a juvenile. If there has been certification and the district court, following an examining trial, decides to remand the juvenile to juvenile court, then the juvenile will not be tried as an adult but will be subject to the jurisdiction of the juvenile court. If the juvenile, after an examining trial in district court, is bound over for action by the grand jury and the grand jury does not indict, the district court certifies such failure to indict to the juvenile court and the jurisdiction of the case is resumed by the juvenile court. Thus, at any of the three steps if there is a decision not to prosecute the juvenile as an adult, then the juvenile will not be so prosecuted.

"While there have been changes in the language in the various enactments, the purpose and basic procedure has remained the same."

Referring to the right of the transferred juvenile to an examining trial, *Menefee* also stated:

"It is a valuable right, for it furnishes another opportunity to have the criminal proceedings against the juvenile terminated and the jurisdiction of the juvenile court resumed.

"The examining trial before the district court clearly appears to be the second vital step in determining whether a juvenile should be tried as an adult. While various enactments set out above indicate the language has been changed from the 1965 enactment until the present statute, the essence of the three step procedure has remained the same."

■ The right to an examining trial can be waived by a juvenile who has been certified to the district court, but such waiver must be in accordance with V.T.C.A., Family Code, § 51.09(a). *Criss v. State*, 563 S.W.2d 942 (Tex.Cr.App.1978). Absent such a waiver, there must be an examining trial or the indictment is void. *Menefee* has

been followed in a number of cases. See *White v. State*, 576 S.W.2d 843 (Tex.Cr.App. 1979); *Jones v. State*, 576 S.W.2d 853 (Tex. Cr.App.1979); *Ex parte Hunter*, 577 S.W.2d 496 (Tex.Cr.App.1979); *Ex parte Chatman*, 577 S.W.2d 734 (Tex.Cr.App.1979); *Ex parte Rodriguez*, 578 S.W.2d 750 (Tex.Cr. App.1979); *Ex parte Rogers*, 578 S.W.2d 752 (Tex.Cr.App.1979); *Ex parte Bittick*, 579 S.W.2d 12 (Tex.Cr.App.1979); *Ex parte Clark*, 579 S.W.2d 11 (Tex.Cr.App.1979); *Ex parte Ytuarte*, 579 S.W.2d 210 (Tex.Cr.App. 1979); *Ex parte Juarez*, 579 S.W.2d 211 (Tex.Cr.App.1979); *Ex parte Gloston*, 579 S.W.2d 212 (Tex.Cr.App.1979); *Simonton v. State*, 586 S.W.2d 528 (Tex.Cr.App.1979); *Watson v. State*, 587 S.W.2d 161 (Tex.Cr. App.1979).

Further, in *Ex parte LeBlanc*, 577 S.W.2d 731 (Tex.Cr.App.1979), the juvenile who had been certified for trial as an adult was given an examining trial by a district court who found no probable cause. Four months later the grand jury returned an indictment against the juvenile. Such indictment was held void in light of *Menefee*. Talking in terms of the three vital steps that must be accomplished before a juvenile may be tried as an adult, this court in *LeBlanc* said:

"Here the State faltered at the second vital step when the court discharged appellant at the examining trial. We find that such action terminated the criminal proceedings against appellant and effectively remanded appellant to the jurisdiction of the juvenile court. To hold otherwise would render the examining trial a meaningless sham because the State could simply refuse to put on any evidence and then take the juvenile before the grand jury, thus depriving the juvenile of the valuable right of a meaningful examining trial as provided by the Legislature in V.T.C.A., Family Code, Sec. 54.-02." See also *Ex parte Spencer*, 579 S.W.2d 242 (Tex.Cr.App.1979).

■ We conclude that once the 208th District Court, sitting as an examining court, found no probable cause on the first certification and remanded the case to the juvenile court, that court was barred from

again certifying the juvenile for trial as an adult on that particular charge.

To hold otherwise would mean that each time a certified juvenile is remanded to the juvenile court after an examining trial in district court or by the refusal of a grand jury to indict, the juvenile court could continue to re–certify to another district court, particularly in a metropolitan area, hoping that another district court and another grand jury may react differently than the original ones. If this was permissible, how many times would re–certification be permitted? We hold it is not permissible under said § 54.02 of the Family Code.

Although the State does not attempt to sustain its position on it and does not even mention it in its brief, we earlier noted the juvenile court on remand, on its own motion, found the State's petition fundamentally defective for not alleging the culpable mental state of "intentionally" and all proceedings pursuant thereto were void. A petition to transfer the child to a district court for trial as an adult does not need to meet the particularities of an indictment. *Tatum v. State*, 534 S.W.2d 678 (Tex.Cr. App.1976); *In Matter of P. B. C.*, 538 S.W.2d 448 (Tex.Civ.App.1976). See also 5 Tex.Tech.Law Rev. 550 (1974). Further, the instrument or pleadings under which a juvenile who is certified for trial as an adult will eventually be tried for a felony will be upon an indictment or felony information, not the State's petition filed in the juvenile court. The juvenile court's order attempting to nullify all earlier proceedings in order to justify re–certification has no validity.

Petitioner in a second contention also seeks relief on the basis of the constitutional doctrine of double jeopardy encompassed in both the federal and state Constitutions. We need not reach such question as relief is granted on another basis. In fact, it is extremely doubtful if the petitioner may use the office of habeas corpus to secure pre–conviction discharge on the basis of double jeopardy. See *Ex parte Spanell*, 85 Tex.Cr.R. 304, 212 S.W. 172 (1919); *Ex parte Hunt*, 118 Tex.Cr.R. 163, 40 S.W.2d 134 (1931).

For the reasons stated, the relief prayed for is granted. The indictment is void and is set aside and the petitioner is ordered remanded to juvenile court.

It is so ordered.

Before the Court en banc.

## OPINION DISSENTING TO THE OVERRULING OF THE MOTION FOR REHEARING WITHOUT WRITTEN OPINION

DALLY, Judge.

The Court, on its own motion, filed and set this matter for rehearing to further consider its original disposition of the appeal. The majority now overrules the motion for rehearing without written opinion.

I dissent because the majority of the Court in this case and in the cases of *Le-Blanc v. Gist, Judge, Criminal District Court, Jefferson County et al.*, 603 S.W.2d 841 (Tex.Cr.App.1979, and Opinion Dissenting to the Overruling of the Motion for Rehearing without written opinion, filed this day) continues to enlarge upon and extend V.T.C.A. Family Code, Sec. 54.02, by judicial legislation under the guise of discovered legislative intent.

V.T.C.A. Family Code, Sec. 54.02, in pertinent part, as it was written by the Legislature, provides:

"(a) The juvenile court may waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal district court for criminal proceedings if:

"(1) the child is alleged to have violated a penal law of the grade of felony;

"(2) the child was 15 years of age or older at the time he is alleged to have committed the offense and no adjudication hearing has been conducted concerning that offense; and

"(3) after full investigation and hearing the juvenile court determines that because of the seriousness of the offense or the background of the child

the welfare of the community requires criminal proceedings.

"(b) . . .

"(c) The juvenile court shall conduct a hearing without a jury to consider transfer of the child for criminal proceedings.

"(d) . . .

"(e) . . .

"(f) . . .

"(g) If the juvenile court retains jurisdiction, the child is not subject to criminal prosecution at any time for any offense alleged in the petition or for any offense within the knowledge of the juvenile court judge as evidenced by anything in the record of the proceedings.

"(h) If the juvenile court waives jurisdiction, it shall state specifically in the order its reasons for waiver and certify its action, including the written order and findings of the court, and transfer the child to the appropriate court for the criminal proceedings. On transfer of the child for criminal proceedings, he shall be dealt with as an adult and in accordance with the Texas Code of Criminal Procedure, 1965. The transfer of custody is an arrest. The examining trial shall be conducted by the court to which the case was transferred, which may remand the child to the jurisdiction of the juvenile court.

"(i) If the child's case is brought to the attention of the grand jury and the grand jury does not indict for the offense charged in the complaint forwarded by the juvenile court, the district court or criminal district court shall certify the grand jury's failure to indict to the juvenile court. On receipt of the certification, the juvenile court may resume jurisdiction of the case."

The majority of the Court by judicial legislation has added to Sec. 54.02 by holding that:

(1) The examining trial is mandatory. *Jones v. State,* 576 S.W.2d 853 (Tex.Cr.App. 1979); *White v. State,* 586 S.W.2d 843 (Tex. Cr.App.1979); *Ex parte Menefee,* 561 S.W.2d 822 (Tex.Cr.App.1977).

(2) If there is a failure to find probable cause in the examining trial such finding terminates criminal proceedings and is tantamount to remanding the proceedings back to the juvenile court even though no formal order of transfer has been entered. *Ex parte LeBlanc,* 577 S.W.2d 731 (Tex.Cr.App. 1979). These holdings are not required by and do not follow the plain words of the statute; these holdings are contrary to well–established legal principles ably pointed out in the dissenting opinions in *White v. State, supra; Ex parte LeBlanc, supra; Ex parte Menefee, supra.* These holdings by the majority amount to judicial legislation.

Although we are in strong disagreement with the majority the dissenting judges have recognized the vote of the majority as the rule of law. *Ex parte Kirkwood,* 599 S.W.2d 829 (Tex.Cr.App.1980); *Ex parte Ytuarte,* 579 S.W.2d 210 (Tex.Cr.App.1979); *Ex parte Juarez,* 579 S.W.2d 211 (Tex.Cr. App.1979); *Ex parte Gloston,* 579 S.W.2d 212 (Tex.Cr.App.1979). The petitioners in the last cited cases were granted relief because they did not have examining trials after being certified and transferred for prosecution as adults and before being indicted.

Now in this case and in *LeBlanc v. Gist, Judge, Criminal District Court, Jefferson County, et al., supra,* the majority by additional judicial legislation has held that: (3) there can be only one examining trial, and (4) a juvenile cannot be re–certified for prosecution as an adult.

I dissent to the further judicial legislation indulged in by the majority in this case.

DOUGLAS, TOM G. DAVIS, and W. C. DAVIS, JJ., join in this dissent.