Rogers Anthony SOLETE, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 64902.

Court of Criminal Appeals of Texas, En Banc.

Oct. 1, 1980.

See also Tex.Cr.App., 603 S.W.2d 853.

Gus A. Saper, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., George McCall Secrest, Jr. & Kenneth W. Sparks,

Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CLINTON, Judge.

Appeal is taken from a conviction for capital murder in which the punishment assessed by the trial court is life confinement. See V.T.C.A. Penal Code, § 8.07(e).[1]

On August 25, 1977, appellant allegedly committed the offense which has been the subject of the instant prosecution. He was, at that time, 16 years of age.

On November 1, 1977, the juvenile court waived its exclusive original jurisdiction and certified appellant to the criminal district court for trial as an adult. See V.T.C.A., Family Code, § 54.02. Thereafter, the district court convened an examining trial and on January 12, 1978, determined that there was a lack of probable cause that appellant had committed the instant offense; accordingly, this cause was remanded to the juvenile court.

On February 6, 1978, however, the State filed a request in the juvenile court, seeking reconsideration of appellant's status and recertification of him as an adult for purposes of criminal proceedings. After further intervening proceedings,[2] the juvenile court did again waive its jurisdiction and recertified appellant as an adult for criminal prosecution. Upon a second examining trial, the criminal district court found probable cause extant and on November 8, 1978, appellant was indicted for the offense of capital murder.

On December 11, 1978, appellant petitioned the trial court for issuance of a writ of habeas corpus, asserting that the indictment was void and therefore he should be discharged. From the trial court's denial of such petition, appellant appealed to this Court.

While appellant's pretrial petition for writ of habeas corpus was pending in this Court on appeal, the trial court called the prosecution against appellant for trial on February 20, 1979. On February 22, 1979, the jury returned its verdict, finding appellant guilty of capital murder.

It is from this conviction that the instant appeal arises.

Approximately one year hence, a panel of this Court handed down its opinion upon appellant's habeas action, holding that the criminal district court's finding of no probable cause on January 12, 1978, and pursuant action in remanding the cause to the juvenile court, barred the latter from again certifying the juvenile for trial as an adult on this particular charge, citing *Ex parte LeBlanc*, 577 S.W.2d 731 (Tex.Cr.App.1979). *Ex parte Solete*, 603 S.W.2d 853 (Tex.Cr. App.1980).

On this Court's own motion, the panel disposition of the habeas proceeding was set for rehearing before the Court en banc, but was denied without written order on September 10, 1980. Thus, the disposition of the panel ordering dismissal of the indictment returned against appellant, remains intact.

Because the indictment underlying the conviction now before us is void, *Ex parte Solete*, supra, the criminal proceeding conducted thereon is likewise void and appellant's conviction is a nullity. Compare *Garcia v. Dial*, 596 S.W.2d 524 (Tex.Cr.App. 1980).

Consequently, any controversy otherwise cognizable by this Court upon direct appeal from the conviction has lapsed; the appeal is moot.

DOUGLAS, DALLY and W. C. DAVIS, JJ., dissent.

---

1. "No person may, in any case, be punished by death for an offense committed while he was younger than 17 years."

2. For a more detailed recitation of these events, see *Ex parte Solete*, 603 S.W.2d 853 (Tex.Cr. App. 1980).